(24 Misc. Rep. 409.)

### SCHWEIT v. METROPOLITAN ST. RY. CO. (two cases).

(City Court of New York, General Term. August 4, 1898.)

1. PLEADING—BILL OF PARTICULARS.

   If, in an action to recover for personal injuries, the complaint does not state even upon what part of the body the injuries were received, plaintiff may properly be required to furnish a bill of particulars describing the nature and extent of the injuries.

2. SAME—MOTION TO RESETTLE.

   If an order for a bill of particulars is more extensive than required by the terms of the decision upon which it is entered, the remedy lies not in an appeal, but in a motion to resettle the order.

Appeal from special term.

Actions by Gitel Schweit and William Schweit against the Metropolitan Street-Railway Company. From orders requiring plaintiffs to furnish bills of particulars, they appeal. Appeals dismissed.

Argued before SCHUCHMAN and OLCOTT, JJ.

Otto H. Droege and Henry L. Franklin, for appellants.

Henry A. Robinson (Charles F. Brown, of counsel), for respondent.

OLCOTT, J. These are appeals from two orders requiring the plaintiff in each action to furnish and serve a bill of particulars. The actions arise from personal injuries alleged to have been sustained by the plaintiff Gitel Schweit through the negligence of the defendant. She sues for her personal injuries. Her husband brings the other action, for loss of her services. By the order, both were compelled to serve bills of particulars "showing in detail (1) in what respects plaintiff received injuries, which bruised her about the body and internally," by reason whereof "the plaintiff was made sick, sore, and lame, and suffered serious bodily harm, and was bruised about her body, and was injured internally, being then and there with child, and suffered and will continue to suffer bodily pain and nervous prostration," with a statement of each injury, its nature, location, extent, and probable effect; "(2) the names and addresses of the persons to whom the alleged disbursements were made." The language above quoted is taken from the order in the first above-entitled action. The order in the second is in similar terms. They call for certain particulars to which the practice does not entitle them; but the fault seems to lie in the form of the order, rather than in the decision of the judge. For example, the orders appealed from call for a statement of the probable effect of the injuries, but the decision does not warrant such an order. The decision reads: "That the plaintiff furnish a bill of particulars describing more particularly the nature and extent of the injuries; also, all disbursements made necessary, and to whom made." It was proper that the plaintiff should furnish particulars of the nature of the injuries, as it appears that the complaint does not state even upon what part of the body the injuries were received.

As to the remaining portion of the decision, the pleadings are not before us, and it does not appear what the allegation of special damage in the complaint was; but there is nothing in the record to show that the plaintiff would be prejudiced by furnishing the items of disburse-

ments thus far incurred. The plaintiff's remedy lay in resettlement, and not in appeal.

The appeals will be dismissed, without costs, and the order appealed from remitted to special term for resettlement.

SCHUCHMAN, J., concurs.