(28 Misc. Rep. 304.)

BENDER et al. v. VAN ALLEN et al.

(Supreme Court, Special Term, St. Lawrence County.   July, 1899.)

1. PARTITION—PLEADING.
    In an action for partition, an allegation that plaintiffs and defendants
    are the sole heirs at law and next of kin of the deceased is sufficient, and
    it is unnecessary to allege specifically that deceased had no living father or
    mother.

2. SAME—JOINDER OF TENANT BY CURTESY IN ACTION OF PARTITION.
    In an action by heirs to realty for partition, the husband of the de-
    ceased, claiming as tenant by curtesy, may be joined, and a judgment
    obtained determining the title.

3. SAME—BILL OF PARTICULARS.
    Where one of the defendants in partition, claiming as tenant by curtesy,
    sets up the fact that an heir had been born, thus entitling defendant to
    such tenancy, which fact was unknown to plaintiffs, plaintiffs are entitled
    to a bill of particulars setting up in detail the particulars of the birth.

4. SAME—APPOINTMENT OF RECEIVER.
    In partition, where one of the defendants claims as tenant by curtesy,
    plaintiffs are not entitled to a receiver, since, if this claim is established,
    none of the heirs are entitled to possession during the life of the tenant,
    and such appointment would amount to a determination of his rights by
    an interlocutory order.

Action for partition by Charles H. Bender and another against
Margaret A. Van Allen and others.   Motion by defendants for a
bill of particulars and for the appointment of a receiver.   Granted
as to the bill of particulars, and denied as to the receiver.

Scherer & Downs, for plaintiffs.

A. J. Nellis, for defendant Terwilliger.

RUSSELL, J.   The objections to serving a bill of particulars by
the defendant Terwilliger are more technical than meritorious.   The
plaintiffs bring the action for partition, claiming as brother and
brother's wife of the intestate against the sister and nephew, and
have joined the surviving husband of the intestate, he occupying the
lands of which the intestate died seised.   This husband denies in
his answer that the brother, sister, and nephew are the sole heirs
and next of kin of the deceased; denies, also, that no issue was born
of the marriage of said defendant with the deceased; and affirmatively
alleges "that there was a child born alive of said marriage."   This
allegation gives the sum total of information to the brother, sister,
and nephew of that of which none of them were aware, viz. that there
was a child born, which, if living now, would inherit solely, and which
birth gave, in any event, a tenancy by the curtesy to the surviving
husband.   This husband declines to furnish any particulars as to the
birth of this child, and resists the application for one, not alone on
the general ground that this is not a case for a bill of particulars, but
also on the theory that the action cannot be maintained, and that
the court should so decide upon the motion in question.

The first objection to the complaint is that there is no allegation
that the deceased left no father or mother him surviving.   The alle-
gations of the complaint, after stating the relationships, aver that

the brother, sister, and nephew are the sole heirs at law and next of kin of the deceased. This statement is not simply a conclusion of law, but is an averment of fact, for the purposes of this motion.

The second objection is that this action cannot be maintained against the husband, he holding adversely. It would seem to be unnecessary circumlocution to require the heirs to maintain an action of ejectment against the husband, and await the determination of that proceeding before they could maintain an action of partition, requiring two litigations when one would accomplish all that is needed. Nor is this the law. The tendency of later legislation and rulings of courts is to free the action of partition from all unnecessary limitations. A tenant by the curtesy may be joined in order to make a judgment which shall give a clean title. Code Civ. Proc. § 1539. It will hardly answer to say that the plaintiffs must concede the tenancy by the curtesy to be perfect, in order to join the husband, where he is in occupation claiming to be such tenant. A disseised co-tenant may maintain partition, and all questions of titles may be tried. Weston v. Stoddard, 137 N. Y. 119, 33 N. E. 62.

On general grounds, there never was a more patent use for a bill of particulars than in the present case. The birth of a child which so changed family relations would, except under extraordinary circumstances, be well known to the brother and sister of the deceased; and ordinarily the surviving husband would, as soon as he perceived their ignorance in that respect, very promptly have advised such near relatives of his deceased wife of the circumstances attending such birth. And now, to let the husband lie by, and surprise the brother and sister upon the trial with proof of birth at some time or place as to which they have had no previous notice, would be to nullify the beneficial use of a bill of particulars. It has been required in a case of crim. con. (Tilton v. Beecher, 59 N. Y. 176), and in a dower case, where the parties were ignorant of the circumstances of the marriage (Govin v. De Miranda, 87 Hun, 227, 33 N. Y. Supp. 753). I am therefore impressed with the conviction that there is no valid objection to a bill of particulars, and the defendant presents no affidavit in any manner stating any difficulty in the way of furnishing one.

The motion for a receiver, however, stands upon a different basis. The brother, sister, and nephew are not entitled to possession if Terwilliger has the right of curtesy. It will not answer to anticipate a short time before trial can be had, and determine in advance that he is not entitled to possession by interlocutory order. The motion, therefore, for a receiver, is denied, with costs to abide the event, and the motion for a bill of particulars is granted, with like costs; the order to contain not only the information desired as to the birth of the child, but the account of the defendant's claim against the deceased wife. If the bill of particulars already furnished in that respect is sufficient, the order may so recite. Ordered accordingly.