QUINN v. FITZGERALD.

(Supreme Court, Appellate Division, First Department. November 20, 1903.)

1. PLEADING—BILLS OF PARTICULARS—ORDER BY DEFAULT—NECESSITY OF COMPLIANCE.
    Where plaintiff suffered an order for a bill of particulars to be entered by default, he cannot afterwards be heard to say that the complaint sufficiently gave the information required by the order, but must comply with such order, though it be merely to repeat the information contained in the complaint.

**2. SAME—BILL FURNISHED—SUFFICIENCY—PERSONAL INJURIES—CAUSE.**

In an action for personal injuries caused by plaintiff falling in the hallway of defendant's building, a bill of particulars required plaintiff to state whether the fall was caused by a mat, a carpet, a covering, a staircase, or the floor. *Held*, that a statement in the bill furnished that the mat or covering had become loosened, ragged, and worn, causing plaintiff's fall, but followed by a statement "that said rubber mat, staircase, or material was worn, torn up, and loosened, and was near the head of the stairs," was insufficient.

**3. SAME—HOSPITAL TREATMENT.**

The order also required plaintiff to state to what hospital she was taken. *Held*, that a statement in her bill that she was "treated" at the M. Hospital, was insufficient.

**4. SAME.**

The order also required her to state how long she was compelled to remain in the hospital. *Held*, that a statement that she was "for a long time treated by the M. Hospital" was insufficient.

**5. SAME—DURATION OF INJURIES—LOSS OF INCOME.**

The order also required a statement as to how long the injuries prevented her from attending to her business, and what loss of income she' suffered thereby. Her business was that of a nurse. *Held*, that a statement that she had not been able to attend to her duties "as nurse, as before," and that "loss of income has been almost total, and that her prior income was from $18 to $25 per week," is insufficient, but she should have stated what money, if any, she had earned since the accident.

**6. SAME—NATURE AND LOCATION OF BUSINESS.**

The order also required her to state the nature and location of her usual vocation and business. *Held*, that a statement that her occupation was that of a nurse, but without stating where she carried on that occupation, was insufficient.

**7. SAME—EXPENSES FOR MEDICAL TREATMENT.**

The order also required her to state in detail the items of expense to which she had been subjected for medical and surgical treatment. *Held*, that a statement that she did not remember the exact amount, but "recollects one bill for $150, and other bills have also been incurred to other physicians," is insufficient; an itemized statement should have been filed.

**8. SAME—EXTENT OF INJURIES.**

The order also required her to state the nature and location of the injuries which she is informed and believes to be permanent. *Held*, that a statement that the injuries, which plaintiff "believes" to be permanent, are, etc., is insufficient, but she should also have stated what injuries she was "informed" are permanent.

Appeal from Special Term, New York County.

Action by Nora D. Quinn against Mary A. Fitzgerald. From an order denying a motion for dismissal of the complaint, or that the case be stricken from the calendar, for plaintiff's failure to comply with an order for a bill of particulars, defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

William D. Stiger, for appellant.

Herbert D. Cohen, for respondent.

LAUGHLIN, J.   The action is brought to recover damages for personal injuries alleged to have been sustained by the plaintiff through the defendant's negligence. The plaintiff alleges that she visited an office on the second floor of an office building owned by the defendant, and while "returning from said office, and about to descend the flight of stairs, by reason of certain mats, carpets, and coverings,

and floor being torn up and in a loose and defective and dangerous condition, she caught her foot in said mats, carpets, coverings, staircase, and floor, and was tripped and caused to be suddenly thrown to the floor and staircase, and fell down one flight of stairs," breaking her arm, and otherwise seriously injuring her about the arms, head, body, and legs, so that she was rendered unconscious, and had to be taken to a hospital for medical treatment, and that she has suffered and still suffers great pain and inconvenience, and has incurred and still incurs large liabilities for medical and surgical treatment, "and that she is advised and verily believes that she is permanently injured for life, and that she never will be able to resume her work again"; that the defendant carelessly and negligently allowed the mats, carpets, staircase, and floor to remain in a dangerous condition; and that plaintiff has been totally disabled from performing "her usual vocation and business as efficiently as before, and believes that she is permanently injured, and will never be strong and able to carry on her business as before." The court ordered a bill of particulars with reference to the cause and place of the accident and with reference to the injuries and loss sustained and expense incurred by the plaintiff. Although the bill of particulars is in many respects a substantial compliance with the order, yet it is neither clear nor specific, and the information given is not numbered to correspond with the order. The information sought, instead of being given directly, is given inferentially; and some particulars specifically required are omitted altogether. We are not now concerned with the merits of the application for the bill of particulars, or with the propriety of the order, or with the necessity for the information required by any of its provisions. The plaintiff saw fit to allow the order to be entered by default, and it stands as a binding adjudication upon her. She cannot now be heard to say that the complaint sufficiently gave the information which is required by the order. She must comply with the order, even though it be a repetition of information contained in the complaint.

The first particular required of the plaintiff was whether the fall was caused by a mat, a carpet, a covering, a staircase, or the floor. It is to be inferred from the bill of particulars that her fall was caused by the mat or covering, for she says the mat or covering had become loosened, ragged, and worn, "causing the plaintiff's fall." She does not, however, specifically limit the cause of her fall to the mat or covering, and in answering the requirement of the order as to the respect in which the mat, carpet, covering, staircase, or floor mentioned in the complaint was defective or dangerous, and its location, she again leaves open the question as to the cause of her fall by saying "that said rubber mat, staircase, or material" was worn, torn up, and loosened, and was near the head of the stairs. One of the requirements of the order is that she state to what hospital she was taken. This she does not state in her bill of particulars. She says that she was treated at the Mt. Sinai Hospital, but that is entirely consistent with her having been taken to some other hospital first. Another requirement of the order is that she state how long she was compelled to remain in the hospital owing

to the injuries of which she complains.    There is no direct answer to this requirement, but in answering a preceding requirement she says she was "for a long time treated by the Mt. Sinai Hospital." She presumably had more definite information on this point, and, if not, she could have readily obtained it.    The order further required the plaintiff to state how long the injuries prevented her from attending to her business, and what loss of income she suffered thereby. Her business was that of a nurse.    She answers that she has not been able to attend to her duties "as nurse as before," and that "loss of income has been almost total, and that her prior income was from $18 to $25 per week."    If she has earned money since the accident, she should state the amount.    She was also required to state the nature and location of her usual vocation and business.    She states that her occupation was that of a nurse, but she does not state where she carried on that occupation.    It is manifest that the rate of compensation for professional nurses is different in different localities.    The defendant was entitled to have its inquiry answered.    She was also required to state in detail the items of expense to which she has been put for medical and surgical treatment and prescriptions down to the time of verifying the bill of particulars.    Her answer is that she does not remember the exact amount, "but recollects one bill for $150, and other bills have also been incurred to other physicians."    The order in this respect required an itemized statement, and it is not a sufficient compliance to say that she has incurred other bills to other physicians.    She is ordered to specify the nature and location of the injuries which she is "informed and believes" are permanent.    Her answer to this is "the injuries which plaintiff believes to be permanent are injuries to the arm, spine, nervous system, and head."    Perhaps it may be inferred that these were her injuries, as well as that she believed them to be permanent; but she wholly fails to state, as the order requires, which, if any, of them she has been informed are permanent.

We are of opinion therefore that the order should be modified by declaring that the bill of particulars in the respects mentioned is not a compliance with the order, and that all proceedings on the part of the plaintiff should be stayed until 20 days after a full compliance with the requirements of the order for a bill of particulars in the respects mentioned, and, as modified, affirmed, with $10 costs and disbursements to appellant and $10 costs of the motion.    All concur.