charge of selling to the police officers as well as the charge of selling to the agents of the state department of excise, and the jury having found a verdict for the defendant. I do not think it should be disturbed.

HOUGHTON, J., concurs.

---

GREEN v. JOHNSON.

(Supreme Court, Appellate Division, First Department.   May 8, 1908.)

1. DAMAGES—PLEADING—COMPLAINT—SUFFICIENCY—PERMANENT INJURIES.
    Where plaintiff alleged that she suffered a fracture of three ribs, an injury to her back, and was otherwise injured, bruised, and wounded, so that she became sick, sore, and disabled, and so remained, and has ever since been, and will for a long time to come, be prevented from attending to her business, the allegations are insufficient to warrant a recovery for permanent injuries, and a motion to require her to specify whether she claims any of the injuries to be permanent is properly overruled.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 410.]

2. PLEADING—BILL OF PARTICULARS—NATURE, LOCATION, AND EXTENT OF INJURIES.
    A motion for a bill of particulars as to the nature, location, and extent of plaintiff's injuries should have been granted, in view of the general terms of the allegations stated, so that there might be some limitation to the proof of injuries.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 962.]

3. SAME—NECESSITY AND SUBJECT-MATTER.
    Where a complaint alleged that plaintiff had been unable to attend to her business since the injuries complained of, and that she had expended large sums of money in endeavoring to be cured, a bill of particulars should be required as to the amount expended for medicines, treatment, and nursing and the nature of her business, but knowledge of the names and addresses of the physicians, druggists, nurses, and employer was not necessary to a defense, and particulars thereof should not be required, nor was it necessary to state the length of time that plaintiff was unable to walk.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 962.]

Appeal from Special Term.

Action by Julia Green against Robert Johnson.   From an order denying in part a motion for a bill of particulars, defendant appeals. Order modified, and motion granted in part.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Clifford Seasongood, for appellant.

Charles T. Cowenhoven, Jr., for respondent.

LAUGHLIN, J.   This is an action for personal injuries. The court granted the motion for a bill of particulars as to two items, and denied it as to three others.   Plaintiff alleges that she suffered a fracture of three ribs and an injury to her back, and was otherwise injured, bruised, and wounded, so that she became sick, sore, and disabled, and so remained, and has ever since been, and will for a long time to come, be prevented from attending to her business, and has expended

and will continue to expend large sums of money in endeavoring to be cured of her said injuries, to her damage in the sum of $10,000. The motion, in so far as it was denied, demanded a bill of particulars of (1) the nature, location, and extent of each injury, and whether claimed to be permanent; (2) the amount of any doctor's, druggist's, and nurse's bill claimed, and their names and addresses; and (3) the age of plaintiff, the nature of her business, the number of days she was unable to walk, and the name and address of her employer.

The allegations of the complaint are insufficient to warrant a recovery for permanent injuries, and it is therefore needless to require plaintiff to specify whether she claims that any of them are permanent. The allegation concerning the injury to her back is not specific, as the nature of the injury and the allegation that she "was otherwise injured, bruised, and wounded" will, unless limited by a bill of particulars, admit proof of almost any injury internal or external. The courts have in some instances declined to require bills of particulars of injuries not alleged to be permanent. See English v. Westchester Elec. Ry. Co., 69 App. Div. 576, 75 N. Y. Supp. 45; Ferris v. Brooklyn Heights R. Co., 116 App. Div. 892, 102 N. Y. Supp. 463. This is doubtless upon the theory that ordinarily a party will be unable to define with precision the extent and duration of injuries not permanent, and that the defendant should be left to his remedy by application for a physical examination. We are of opinion, however, that even as to injuries not permanent, where they are alleged in such general terms as here, the plaintiff should be required to give a bill of particulars thereof so far as able, so that there may be some limitation to his proof as to injuries. It is alleged in the complaint that plaintiff has expended large sums of money in endeavoring to be cured, which are included in the damages demanded. She should therefore specify how much, if any, she has expended for medicines and for medical aid and treatment and for the attendance of a nurse; but knowledge of the names and addresses of the physicians, druggists, and nurses are not essential to apprise the defendant of plaintiff's claim for such expenditures. The defendant has been granted a bill of particulars as to plaintiff's loss of earnings or income, but not as to the nature of her business. She alleges that she has been unable ever since the accident to attend to her business, and therefore no useful purpose will be served in requiring her to specify what that length of time is. Down to the commencement of the action it is a mere mathematical calculation. Her age and the name of her employer are not essential to enable defendant to properly defend the case. She should, however, be required to specify the nature of her business, so that defendant may know whether she claims for loss of wages, salary, or inability to carry on business for herself.

It follows, therefore, that the order in so far as it is appealed from should be modified, without costs, and motion granted, without costs, to the extent of requiring a bill of particulars of the nature, location, and extent of the injuries, so far as now known, of the amounts expended or obligations incurred for medical aid, medicines, and nurse hire, and the nature of plaintiff's business. All concur.