### KUPFERMAN v. BATCHELOR et al.

(Supreme Court, Appellate Term, First Department.   October 27, 1914.)

PLEADING (§ 324*)—BILL OF PARTICULARS—COMPLIANCE.

Where, in an action for injuries, plaintiff claimed that he had been unable to attend to his usual occupation for over eight weeks, and defendants applied for and obtained a bill of particulars requiring plaintiff to disclose the name of his employers, in order that they might rebut such charge, plaintiff, not having appealed from the order, but having attempted to comply therewith, was required to furnish accurate information as to the fact demanded.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 980–983, 985; Dec. Dig. § 324.*]

Appeal from City Court of New York, Special Term.

Action by Samuel Kupferman against Rosanna Batchelor and another. From a City Court order denying defendants' application for a further bill of particulars, they appeal. Reversed, and motion granted.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Gilbert & Wessel, of New York City (Harry N. Wessel, of New York City, of counsel), for appellant De Sellem.

Samuel S. Marcus, of New York City, for respondent.

COHALAN, J. The order for a bill of particulars was made on the 16th day of June, 1914. Prior thereto an order had been made by another justice of the court, in which it was held that the defendant was entitled to have the name of the employer of the plaintiff. The court followed the case of Quinn v. Fitzgerald, 87 App. Div. 539, 84 N. Y. Supp. 728. On the motion made to enforce full compliance with the first order, the court ruled, upon the authority of Greene v. Johnson, 126 App. Div. 33, 110 N. Y. Supp. 104, that the defendant was not entitled to the name of the employer. This was in effect to overrule the prior order, from which no appeal had been taken. Under the first order the plaintiff served a bill of particulars, in which he stated that he was employed at the time referred to by "Siegel & Son." No concern of that name was found in either of the current

issues of the New York City telephone directory, the city directory, or the copartnership directory.

The action is based on negligence, and the plaintiff asserts in his bill of particulars that because of injuries he was unable to attend to his usual occupation for over eight weeks. The defendants desire to subpœna the employers and their books on the trial, to disprove this statement, their information being that the plaintiff's injuries were of a nominal character, and they consider it necessary for the protection of the defendants' rights that they be put in a position to do so. It would seem that the plaintiff, having sought to comply with the first order granted, should have accurately complied with its provisions. If he were dissatisfied with its terms, he should have appealed from the order. Not having done either, he is not now entitled to have the first order overruled.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.