ALFRED WOLFF, Appellant, *v.* CONRAD HUBERT, Respondent.

First Department, March 3, 1922.

Appeal — notice of appeal by plaintiff — erroneous statement therein that defendant appeals disregarded under Civil Practice Act, § 105 — pleadings — improper to order bill of particulars of general damages and of conversations by party which were evidence.

Under section 105 of the Civil Practice Act a defect in a notice of appeal by plaintiff will be disregarded where the defect consists only in stating that defendant appeals and it has not misled defendant to his prejudice.

A bill of particulars of a claim for general damages will not be ordered.

A direction in an order for a bill of particulars that, if a certain agreement was oral, the substance of what each party said should be stated, and a further

direction that if a tender was oral, the substance of what was said by each party on certain dates should be stated, should be stricken out as they improperly call for a statement of evidence.

APPEAL by the plaintiff, Alfred Wolff, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of November, 1921, granting the defendant's motion for a bill of particulars.

*I. Gainsburg* [*I. Maurice Wormser* of counsel], for the appellant.

*C. Bertram Plante,* for the respondent.

PAGE, J.:

While the notice of appeal is from the order and each and every part thereof, the plaintiff only asks for a modification of the order in three particulars. The notice of appeal incorrectly says that the defendant appeals from the order. Because of this the respondent claims that the notice of appeal is fatally defective and that the appeal must be dismissed. This mistake has not misled the defendant to his prejudice. It is very evident that he has not considered that he was the appellant because of being so designated. The notice of appeal is signed by the attorney for the plaintiff. Therefore, under section 105 of the Civil Practice Act this defect will be disregarded.

The order requires the plaintiff to give particulars how and in what manner the plaintiff sustained damage in the amount of $108,459.95 as alleged in paragraph " seventh " of the complaint and the basis of such claim for damages. This is a claim for general and not special damages, and, therefore, it is well settled that the particulars of such damage will not be ordered to be given.

The action is brought to recover the difference between the market value of $82 per share of certain stock which the defendant had agreed that if the plaintiff should tender said stock to the defendant, the defendant would either purchase said stock at the price of $82 per share or pay the difference between the then market value thereof and $82 per share, and that on October 20 and December 8, 1920, the stock was duly tendered and payment demanded. The value of the shares at $82 per share would amount to $279,948. It is, therefore, very clear that the plaintiff was seeking to recover the difference between the value of $82 a share and the actual market value of the stock on the dates specified. An agreement to extend the contract is alleged in the complaint without stating whether it was written or oral. The court properly directed a statement in the bill of particulars whether the extension was in writing or oral, and if in writing copies to be annexed. But

it further provides " if oral, state the substance of what was said by each party herein as alleged, and of the substance of such extension agreement." The plaintiff properly objects to the requirement to state the substance of what was said by each party herein, as alleged, on the ground that it would require him to give his evidence. The order should be modified by striking from that provision the following words: " The substance of what was said by each party herein as alleged, and." In the " fifth " paragraph of the complaint is alleged the tender, request and refusal of the delivery of the stock. The court requires a statement of whether such tender and offer was written or oral; if in writing, annex a copy thereto; *if oral, state the substance of what was said by each party herein on each of the dates mentioned in paragraph " fifth."* The italicised words should be stricken out. These provisions of the order call merely for the statement of plaintiff's evidence and were clearly improper.

The order should be modified by striking out the " tenth " paragraph, and striking out the requirements as to the furnishing of evidence in the " fifth " and " seventh " paragraphs, and as modified affirmed, with ten dollars costs and disbursements to the appellant.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Order modified as directed in opinion and as so modified affirmed, with ten dollars costs and disbursements to appellant.