EUGENE GAUDRY, Appellant, *v.* TODD SHIPYARDS CORPORATION, Respondent.

First Department, January 12, 1923.

**Pleadings — bill of particulars — action on contract — defendant entitled to bill of particulars as to exact and complete terms and conditions of oral contract.**

In an action to recover damages for violation of a contract whereby the plaintiff was to proceed to Europe and obtain contracts for the construction of boats for which he was to be paid a commission, the defendant is entitled to a bill of particulars as to the exact and complete terms and conditions of the contract.

APPEAL by the plaintiff, Eugene Gaudry, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of June, 1922, as grants in part defendant's motion for a bill of particulars.

*Joseph A. Fagnant,* for the appellant.

*Fitzgerald, Stapleton & Mahon* [*Avery F. Cushman* of counsel], for the respondent.

PAGE, J.:

Although the plaintiff appealed from the order in so far as it granted the motion for a bill of particulars, in the brief submitted in his behalf upon this appeal he limits the review to items 2 (the last subdivision thereof), 4, 5, 7c (in so far as it requires the whole of such oral communication), 9a, 9b, 11c, 14a and 14b.

The action is to recover damages for being prevented from

performing an agreement with defendant, whereby plaintiff was to proceed to Europe and there to obtain contracts for the construction by the defendant of bulk oil carriers at the prices and upon the terms and conditions in said agreement set forth, for which defendant agreed to pay to the plaintiff two and one-half per centum of the price fixed in all contracts for such construction so obtained by plaintiff.

Plaintiff immediately proceeded to Europe, and while his authority was still in force, found three concerns ready, willing and able to enter into contracts with the defendant for the construction of eight of such vessels upon the terms and conditions in said agreement between the plaintiff and defendant set forth, and plaintiff asked defendant to meet the duly authorized representatives of said association or corporations for the purpose of entering into such contract, but defendant, without cause, refused to meet such representatives. The answer is a general denial.

The defendant moved for a bill of particulars of fifteen items with several subdivisions of some of the items. Some were allowed and others disallowed. The plaintiff complains on this appeal of being required to state: 2. If such agreement (contract of employment) was oral " its exact and complete terms and conditions." This is not open to the objection which was sustained in *Wolff* v. *Hubert* (200 App. Div. 124) to the following requirement " if oral, state the substance of what was said by each party herein on each of the dates mentioned in paragraph ' fifth.' " We held that this called for a statement of the plaintiff's evidence, *i. e.,* to what facts the witnesses would in detail testify, while in the present case the ultimate fact is demanded, the statement of the agreement that was reached as a result of the conversations. Item 4 should not have been granted. The defendant has obtained in 3 all it is entitled to know. Item 5 was properly granted. The plaintiff objects on the same misunderstanding of the case of *Wolff* v. *Hubert* (*supra*). Item 7c should be modified to require the substance of such oral communication. Item 9b is altogether too broad. It is not alleged that the agreements to have the vessels built were entered into. Many of the details asked for were to be the subject of negotiations. Therefore, the order should be modified by striking out all after " contract for " in item 9b. Item 11c was properly allowed. As to item 14 a, b, the complaint is not that the plaintiff's authority was canceled. It is stated that these refusals were before the authority had been canceled. It evidently concedes a cancellation, but says this refusal was before cancellation. If defendant had asked for date of cancellation it would have been properly granted.

The order should be modified as above and as modified affirmed, with ten dollars costs and disbursements to appellant.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concur.

Order modified as indicated in opinion and as so modified affirmed, with ten dollars costs and disbursements to appellant. Settle order on notice.