ANNA MALAMAT, Respondent, v. JOSEPH MALAMAT, Also Known as JOE MELAMEO, Appellant.— Appeal from an order granting plaintiff's motion to amend the final judgment of divorce by directing defendant to pay plaintiff the sum of ten dollars a week for her support and maintenance. Order reversed on the facts, without costs, and the motion denied, without costs. Appeal from an order denying defendant's motion to eliminate or reduce the provision in a final judgment of divorce, which directed defendant to pay to plaintiff ten dollars a week for the support and maintenance of their two children, on the ground that one of them has become of age. Order modified on the facts by granting the motion to the extent of eliminating from the judgment the provision for the support of Arthur Malamat and by directing that the defendant continue to pay ten dollars a week, to be used for the support and maintenance of Sophie Malamat. As thus modified, the order is affirmed, without costs. In light of the contributions made to plaintiff by the two children; the fact that defendant is required to pay ten dollars for the support of his daughter; that with the court's permission he has married a woman who had a child, whom he is now supporting, and in view of his meagre earnings, the motion to amend the final judgment so as to provide for the support and maintenance of the plaintiff should have been denied. When the judgment was entered herein (May, 1936) by which plaintiff was awarded ten dollars a week for the support of her two children, the elder of whom has since reached his majority, the younger, a daughter, was thirteen years and eight months of age. She was, at the time this motion was made, over nineteen years of age. The cost of maintaining her has necessarily increased. Although the son has come of age, in view of the added expense for the daughter the provision of the judgment for support and maintenance of the children is continued unabated for the support of the daughter only. Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.

HELEN MEYER and ERWIN MEYER, Respondents, v. THE GRAND UNION COMPANY, Appellant.— Resettled order denying motion of the defendant to preclude the plaintiffs or for a further bill of particulars reversed on the law, with ten dollars costs and disbursements, and the motion granted to the extent of directing plaintiffs, within ten days from the entry of the order hereon, to furnish a further bill of particulars setting forth the injuries sustained by plaintiff Helen Meyer which will be claimed to be permanent and the nature and extent of them, with ten dollars costs. The accident in which plaintiff-wife claims to have sustained personal injuries occurred nearly three years ago. It must be known to her at this time which injuries are permanent or, at least, which of them she will claim to be permanent. We are of opinion that the defendant is entitled to have the plaintiff-wife state in the bill of particulars which injuries will be claimed to be permanent and the nature and extent of them. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.