ROBERT SAMMONS, Plaintiff, *v.* VINCENT A. MAHERN, Defendant.

Supreme Court, Special Term, Onondaga County, April 22, 1955.

782

*Brown, Mangin & Greene* for defendant.

*MacKenzie, Smith & Michell* for plaintiff.

Del Vecchio, J. On August 19, 1954, defendant demanded a bill of particulars in this personal injury action, seeking, among other items: 1. A statement describing the nature, extent and effect of the plaintiff's injuries. 4. A statement showing the exact length of time plaintiff will claim he was confined to the hospital, bed and home by reason of said injuries. 6. A statement showing the exact length of time plaintiff will claim he was or shall be unable to carry on his occupation and the total amount of monetary loss sustained. 7. A statement showing the number of times plaintiff will claim he was attended by a physician by reason of said injuries, and the total amount of money it will be claimed was incurred for medicines and medical attention, and to whom. 8. A statement of any other special damages which plaintiff will claim on the trial.

The bill served by plaintiff September 4, 1954, contained the following responses: 1. Plaintiff suffered bruises, contusions and abrasions about the body; severe strain and injury to the muscles, tendons, ligaments, nerves and tissues of the back with pressure on the nerves of the lower back with sciatica; a possible herniated intervertebral disc and injury to the nerves of the lower extremities. Plaintiff at this time is unable to state

whether an operation for a herniated intervertebral disc and a fusion of the spine will be required. The injuries still continue and plaintiff is informed and verily believes will continue in the future. 4. Plaintiff was partially incapacitated from performing his usual duties and activities from the date of the accident up to the present time. He would attempt to perform his work and the pain would become so intense and severe that he would be required to go home, which condition still persists. To date there has been no continued length of time that plaintiff has been confined to the hospital, bed or home by reason of said injuries otherwise than as herein stated. 6. Plaintiff at this time is unable to state the exact length of time he will be unable to carry on his occupation and the total amount of monetary loss sustained. 7. Plaintiff is still under the care and treatment of a physician and is unable at this time to state the number of times he will be obliged to be treated by a physician or physicians or the total amount of money that will be claimed was incurred for medicines and medical attention. 8. Plaintiff at this time is unable to state what other special damages will be claimed by him on the trial.

Defendant, asserting the insufficiency of these responses, now moves for an order directing a further bill of particulars with regard to the above requests.

The first item contains a general statement of injuries to plaintiff's body, which statement defendant is entitled to have made more specific. (*Schweit* v. *Metropolitan St. Ry. Co.,* 24 Misc. 409.) As to the statement that plaintiff suffers from " a possible herniated intervertebral disc " and that plaintiff " is unable to state whether an operation * * * will be required ", plaintiff's attorney suggested on the oral argument that the foregoing information is the most definite that has been received from plaintiff's physician. There is authority, however, that if a party is unable to furnish details requested in a demand for a bill of particulars, the basis for that inability should be shown upon the motion. (*Royce* v. *Ziegfeld,* 224 App. Div. 663; *Bender* v. *Van Allen,* 28 Misc. 304.) In the present circumstances, this court is of the opinion that defendant is entitled to an order directing plaintiff to specify whether plaintiff has a herniated intervertebral disc and whether an operation is required, if known. If plaintiff is without such information he may so state under oath in his bill of particulars, in lieu thereof, together with the reason why such information cannot be given. Plaintiff, however, is directed to furnish such information to the defendant, if such be thereafter obtained, any time

before trial of this action. (*Zevely* v. *Sinclair,* 225 App. Div. 652.)

Defendant is also entitled to have made more definite the items numbered 4, 6, 7 and 8. The fact that plaintiff was " partially incapacitated ", as stated in response number 4, does not prevent him from stating the dates and the periods of time when he has been required to remain at home as a result of the injury claimed.

Plaintiff must also state the time which he has been unable to work and the monetary loss sustained thereby. The statement that he was " partially incapacitated from performing his usual duties and activities " is akin to the response that plaintiff has not been able to attend to his duties " ' as before ' ", which was held insufficient in *Quinn* v. *FitzGerald* (87 App. Div. 539, 540). If plaintiff has earned any money since the accident, he should state the amount.

With regard to items 7 and 8, plaintiff must state the medical expenses incurred, and the number of treatments by a physician which have been required, up to the time of verification of the bill of particulars. (*Quinn* v. *FitzGerald, supra.*) He should also particularize the amount of any other special damages which he has suffered up to that date.

Upon argument, plaintiff raised a question as to the timeliness of the motion for a further bill, claiming that defendant was required by subdivision (d) of rule 115 of the Rules of Civil Practice, to serve notice of such motion within ten days of receipt of the alleged insufficient bill. The statutory provision relating to time of service is not absolute however. It states merely that " In the absence of special circumstances motion papers for such relief shall be served within ten days after the receipt of the bill claimed to be insufficient." Moreover, it has been recognized that " No hard and fast rule as to what constitutes ' special circumstances ' is possible since the application of the rule depends upon the facts peculiar to each proceeding." (*Matter of Walter,* 113 N. Y. S. 2d 353, 354.)

Correspondence presented with the motion herein indicates that plaintiff was promptly apprised of defendant's claim that the bill served on September 4, 1954, did not comply with the demand. Within four days of receipt of the bill defendant's attorneys gave written notice to plaintiff's attorneys that they regarded the bill as insufficient. Thereafter, three further requests for a sufficient bill were made, two of which listed in detail the additional information required to comply with the demand. It does not appear that plaintiff ever communicated

to defendant a definite refusal to serve the requested additional bill of particulars, at least until after the third request so to do. Furthermore, the papers now before this court reveal that plaintiff himself failed strictly to comply with the time requirements of rule 115 in that he did not furnish the original bill of particulars within ten days of demand therefor.

Upon the facts detailed above, the present case is similar to *Evans* v. *Delaware, Lackawanna & Western R. R. Co.* (88 N. Y. S. 2d 132, 134), wherein the court said: '' The ' special circumstances ' claimed by the defendant (represented by the same attorneys seeking in the present motion to compel strict compliance with rule 115, subd. [d]) as an excuse for failure to move within the ten day period are not too convincing but in the exercise of discretion and in the interests of justice I have decided to entertain the motion on the merits.'' (See, also, *Kamp* v. *Syracuse Transit Corp.*, 284 App. Div. 1028.)

Accordingly, although this court does not condone the lax practice of attorneys in failing to comply with the requirements of rule 115 (*Kamp* v. *Syracuse Transit Corp.*, *supra*), in the circumstances here presented, the motion for a further bill of particulars as to items numbered 1, 4, 6, 7 and 8 is granted.

Order accordingly.