William E. Ringel, J.
On March 16, 1950, the defendant, after trial, was adjudged the father of the complainant’s natural child and was directed to pay $30 weekly for the support of said child, which was horn on October 7, 1949.
The complainant now asks for the following relief:
a. payment of arrears
b. A bond to secure future prompt payments
c. An increase in the amount of support to be paid by the defendant for the support of the child
d. Counsel fee for the attorney of the complainant.
As to the arrears, on consent, defendant is directed to pay forthwith, the sum of $115, payment to be made at the office of complainant’s attorney.
The defendant is hereby directed to furnish a bond in the sum of $300 to insure payments under the order. However, the furnishing of said bond is stayed until March 25, 1959. If the defendant will have fully complied with the payments to be made under the filiation order, then the defendant will not be required to furnish said bond on March 25, 3.959.
With respect to the application to increase the amount of support that the defendant should be ordered to pay, this court has the power to direct such increase in a proper case.
Section 72 of the New York City Criminal Courts Act states: “ § 72. Continuing jurisdiction. The court shall have continuing jurisdiction over proceedings brought to compel support and to increase or decrease the amount fixed by the order of support and may also entertain new support proceedings should a previous support order have been fulfilled or satisfied.”
*624 The younger a child is, the lesser are its needs and that fact should be reflected in the filiation order. (Malamat v. Malamat, 264 App. Div. 795.) A fortiori, the older a child is, the greater are its needs and that fact should likewise be reflected in the filiation order and should be considered by the court'where an application for an increase in the amount of the order has been made. Furthermore, the court cannot close its eyes to the increase in the cost of living, which is open and notorious, and which has taken place these last several years.
Though the Malamat case (supra) indicates that it may be sufficient to warrant an order for an increase, merely by showing that the child has grown older, definite' basic rules for determining such increase have been well established:
a. the mother’s station in life
b. the father’s financial ability.
This court decided in Fowler v. Rissuto (205 Misc. 1088) that the filiation order is necessarily limited by the mother’s station in life. However, even with that injunction in mind it is possible to make proper provision for the support of the child without, at the same time, advancing the mother’s station in life to any appreciable degree. The defendant must pay according to his financial capacity and means. In fixing the amount of the order, the financial capacity of the father to pay an increased amount cannot be determined by affidavit. This can only be done in a proper manner by adducing evidence on this point. (See Schaschlo v. Taishoff, 2 N Y 2d 408.)
In reversing the Appellate Division in the Schaschlo case (supra, pp. 412-413) in reference to the question of the financial ability of the father, the Court of Appeals said:
“ The Appellate Division so found, but instead of remanding the case to the trial court to take evidence as to the father’s means, increased the award on the record before it. Despondent and appellant agree that no evidence was taken in the Court of Special Sessions concerning the defendant’s financial resources. The Appellate Division apparently relied on the concession made by the defendant at the trial. That stipulation, however, was an admission that defen'dant is capable of paying any award within the limitations of the rule of the Fowler case, viz., not exceeding an amount sufficient to raise the child according to the station in life of the mother.
“ The only evidence in the record relating to the defendant’s financial circumstances established the residence of the defendant in a well-appointed apartment in a fashionable hotel in Hew York City. This evidence is, as a matter of law, too scant to serve as a basis for modification.
*625 “Accordingly, the modification of the Appellate Division * * * should be reversed * * * and the cause remanded to the trial court for further proceedings in conformity with this opinion.”
In conformity with the rule as thus established by the Court of Appeals, this cause is set down for a hearing on Wednesday, October 15, 1958, to adduce testimony as to the defendant’s financial circumstances.
The application for counsel fees made by the complainant’s attorney, raises a new question and is apparently based on the recent amendment (L. 1958, ch. 490, eff. Sept. 1, 1958) to the New York City Criminal Courts Act, which amended section 69 of chapter 659 of the Laws of 1910, by adding thereto a new subdivision, to be subdivision 4. This new section states: ‘ ‘ 4. When an order of filiation is made, the court, in its discretion, may order the defendant to pay necessary counsel fees to the mother if she is unable to pay such counsel fees.”
The language of this new section specifically refers to the time when the order of filiation is made. This obviously refers to the time of the original order of filiation. The section is completely silent as to the payment of counsel fees with respect to subsequent or amended orders of filiation.
In view of the lack of clear legislative authority to grant such payment, the application for counsel fees herein is denied.