█ BERNARD WEISINGER, Appellant-Respondent, v. BERNARD BERFOND et al., Respondents-Appellants, et al., Defendants.— Action for an accounting of an alleged joint venture to assemble and sell parcels of real property and for other relief. An order was entered November 20, 1958 denying the motion of the defendants Berfond and Rae to preclude the plaintiff unless he served a bill of particulars within a stated time, and modifying said defendants' demand for a bill of particulars. An order was entered January 13, 1959 extending the plaintiff's time in which to serve the bill of particulars until 30 days after the entry of the order of this court determining the appeal from the order entered November 20, 1958 and staying plaintiff's examination before trial of said defendants until 10 days after plaintiff served the bill of particulars. Plaintiff appeals from so much of the order entered November 20, 1958 as failed to deny the motion to preclude and as failed to vacate the demand for the bill of particulars beyond the modifications made in that order, and said defendants appeal from so much of that order as modified their demand. Plaintiff appeals from so much of the order entered January 13, 1959 as stayed his examination of said defendants before trial. Order entered January 13, 1959, insofar as appealed from, affirmed, without costs. Order entered November 20, 1958 modified by striking the second ordering paragraph therefrom and by inserting in place thereof a paragraph providing (a) that items 1, 2, 3, 4, 8, 9, 10, 12, 13, 14, 15, and 16 be struck from the demand for a bill of particulars, and (b) that the word " exact ", insofar as it modifies the word " date ", be struck from items 5, 6, 7, 11, 17, and 18 and the word " approximate " be substituted therefor. As thus modified, order entered November 20, 1958 affirmed, without costs, and without prejudice to an application, if said defendants be so advised, for a further bill of particulars at any appropriate time. The offer of the defendants Berfond and Rae to accept at this time a bill of particulars limited to the alleged agreement of joint venture and the considerations, if any, paid by plaintiff, is fair and generous and is adopted by this court as the basis of decision upon the appeals from the order. If the alleged agreements are oral, it was proper to hold that the approximate, rather than the exact, dates of the making thereof is a sufficient particular (*Elmore* v. *Chester*, 235 App. Div. 854), but the " exact and complete terms and conditions " of such agreements are proper particulars to be demanded (*Gaudry* v. *Todd Shipyards Corp.*, 204 App. Div. 250). Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.