Frank Del Vecchio, J.
This is a motion by the plaintiffs to vacate and/or modify identical demands for bills of particulars served by defendant Horr in the above-entitled actions. The complaints show that the actions are to recover for personal injuries alleged to have been sustained by plaintiffs while passengers in a vehicle owned and operated by the defendant Geary which collided with a vehicle owned and operated by the intestate of the defendant Horr.
The demands list 22 items sought by Horr: Nos. 1, 2, 4, 11, 13, 14, 15, 16 and 17 are not objectionable to plaintiffs. The court’s decision with regard to the remaining items is as follows:
No. 3. This item regarding plaintiff’s age is immaterial and unnecessary to plaintiff’s proof and does not relate to anything pleaded in the complaint. It is therefore improper. (Greene v. Johnson, 126 App. Div. 33; De Roire v. Lehigh Val. R. R. Co., 205 App. Div. 549.)
No. 5. Plaintiffs assert that this defendant (defendant Horr) is not entitled to this item, which requests a specification of the alleged negligence of the codefendant Geary, who is not represented by the same counsel as defendant Horr. On *828 consideration, the court can see no reason why this item should not be allowed. Plaintiffs’ complaint alleges negligence by both defendants and it may be that the claimed negligence of defendant Geary will be closely tied in with the alleged wrongdoing of the defendant Horr’s intestate since both were involved in a single collision. Nor does rule 116 of the Eules of Civil Practice limit the allowance of an item regarding alleged negligence to the alleged negligence of the demanding party. As was pointed out by Justice Botein in Cohen v. City Bank Farmers Trust Co. (65 N. Y. S. 2d 841) the Eules of Civil Practice now provide that ‘ ‘ Any party may require any other party to give a bill of particulars of his claim ”. In that case, a third-party defendant was permitted to obtain the particulars of the complaint even though plaintiff was asserting no demand for relief against such defendant. In keeping with the liberal policy regarding bills of particulars, item No. 5 is allowed.
Nos. 6 and 7. The rate of speed of a vehicle is a purely evidentiary matter and not a proper subject for a bill of particulars. (Lachenbruch v. Cushman, 87 N. Y. S. 476.)
Nos. 8 and 9. The court is aware that there is a conflict in decided cases as to the allowance of a demand for a statement of the statutes, ordinances, rules and regulations claimed to have been violated by a defendant. (See collected cases, Sepe v. Johnson, 157 N. Y. S. 2d 781, 783.) The majority however holds such items to be a proper subject of a bill of particulars (Smith v. Woodbury Farms & Realty Corp., 265 App. Div. 885); furthermore this would be helpful to the court in preparing the charge, therefore it will be allowed.
What has been said as to item No. 5 applies equally to No. 9.
No. 10. The general rule is that a request for “exact” information is too broad and that approximate answers are sufficient. (McCullen, Bills of Particulars, § 210; Burns v. Hayes, 193 Misc. 491.)
No. 12. Plaintiffs need not furnish the name and address of the hospital to which they were confined. (Slawson v. Murphy, 37 N. Y. S. 2d 930; McCready v. Island Park-Long Beach, Inc., 235 App. Div. 691.)
No. 18. The court has some doubt about the propriety of this item requesting a specification of lost future earnings and income to be claimed, with the names and addresses of the prospective employer, or source of income. No case has been discovered which treats specifically of future earnings, which must of necessity be somewhat indefinite. However, since rule 116 of the Eules of Civil Practice includes “ loss of earn *829 ings with name and address of employer ” as an item for particularization, the court will allow this item, which will be complied with if plaintiffs give the information requested to the best of their ability.
No. 19. Defendant is not entitled to the names or addresses of the physicians, nurses or hospitals requested in this item. (Slawson v. Murphy, supra; Greene v. Johnson, supra.)
No. 20. A request for the number of house and hospital calls made by attending physicians is improper. (Steinau v. Metropolitan St. Ry. Co., 63 App. Div. 126.)
No. 21. There is no distinction between a request for the number of house calls made by a physician and one for the number of calls made by the patient upon a physician. This item is also denied.
No. 22. A request for a particularization of general damages is improper. (Wolff v. Hubert, 200 App. Div. 124.)
The demands for a bill of particulars in the above-entitled actions should be modified in accordance with this decision.
Prepare order accordingly.