Frank Del Vecchio, J.
These are motions by the defendant in each case for orders precluding plaintiffs from giving any evidence as to certain specified matters in the above-entitled actions.. Plaintiffs have made cross motions to vacate and/or modify the demands for bills of particulars and to compel acceptance by defendant of the bills of particulars already served.
Defendant questions the timeliness of plaintiffs’ motions addressed to the demands, which were not made within the five-day period prescribed by rule 115 of the Rules of Civil Practice. Such delinquency on the part of plaintiffs’ counsel does not" make the granting of preclusion orders mandatory if the demands include improper items. (Curran v. Porkar, 283 App. Div. 849.) The court may still pass upon the propriety of the demands. (Universal Metal Prods. Co. v. De-Mornay Budd, 275 App. Div. 575.)
The actions are to recover for personal injuries and property damage allegedly sustained as the result of an automobile accident in March, 1959. Some of the items in dispute are requested in each action in substantially identical language and they will be considered first:
(a) Defendant has requested a statement of the acts or omissions of the defendant constituting the negligence claimed, and plaintiffs have responded with the specification “ See Paragraphs ‘ 6 ’, 1 7 ’, and ‘ 8 ’ of plaintiff’s complaint deleting the words, ‘ that he was otherwise negligent, which caused or contributed to the accident that occurred. ’ ” This response is improper. As has been said in Nassau Suffolk Lbr. & Supply Corp. v. Feldman (125 N. Y. S. 2d 27, 29): “ Defendant is *82 entitled to the particulars demanded without incorporating numerous allegations of the complaint. One of the functions of a bill of particulars is to limit the allegations of the pleading in respect to which it is served. Friedman, Inc., v. Comet Knitting Mills, 275 App. Div. 261, 89 N. Y. S. 2d 185. Each item of the demand must be answered separately and categorically under its own number and subdivision without reference to the complaint ”. (Emphasis in original.)
(b) In the actions by plaintiffs Hohm and Desimone defendant is entitled to a more specific description of which injuries are claimed to be permanent and their nature and extent. The response given 1 ‘ all * * * except those of a minor nature ”, is ambiguous and in the view of this court does not satisfy the requirement of rule 116. (Meyer v. Grand Union Co., 264 App. Div. 795.) With regard to the statement of injuries in the June case, plaintiff’s counsel concedes that the description is perhaps “ laconic ” and has elaborated upon the response in his affidavit submitted on the present motion. There is no hardship to plaintiff in requiring him to include such a clarified statement of the claimed injuries in the additional bill which will be required to comply with the decision of the court herein.
(c) Defendant is not entitled to a statement of the number of house calls made on plaintiffs by their physicians or of the number of office visits made by plaintiffs to their doctors. (Steinau v. Metropolitan St. Ry. Co., 63 App. Div. 126.) The case of Sammons v. Mahern (207 Misc. 781) previously decided by this court does not require a contrary determination because, in that case, no question was presented as to the propriety of the item; the only question was the defense by plaintiff of his inability to give a complete answer to the demand.
(d) Defendant is not entitled to the names of persons to whom plaintiffs became obligated to pay for medical supplies, physicians’ and nurses’ services and hospital expenses. (Slawson v. Murphy, 37 N. Y. S. 2d 930 ; Greene v. Johnson, 126 App. Div. 33; McCready v. Island Park-Long Beach, 235 App. Div. 691.)
In the action by the plaintiff Desimone the defendant has demanded additional items relating to claimed property damage sustained by this plaintiff alone. Plaintiff admits that defendant is entitled to know the amount of damage to his vehicle which plaintiff will claim he has sustained but states that he is unable to furnish particulars regarding this item. Plaintiff is therefore directed to supply defendant with this information as soon as he obtains the same, but in any event not less than 10 days before trial of the action. In complying with this direction, plaintiff should list the parts of the vehicle damaged and the *83 cost of repairing or replacing the same. Defendant is not entitled to a copy of the repair bill however.
Plaintiff concedes that defendant’s request for a statement of the period of time and amount claimed for loss of use of the vehicle may be proper and states his willingness to furnish such information if directed. This court is of the opinion that this item relates to an element of special damages, as to which defendant is entitled to know the particulars.
The remaining items demanded by defendant and challenged by plaintiff all relate to any collision insurance which plaintiff may have on his automobile. These items are improper because they seek information outside of the pleadings and the demand should be modified accordingly. (Townsend v. Halbert, 194 Misc. 1033.)
As to those items which the court has found are proper subjects of a bill of particulars and which have not been answered satisfactorily in the bill served, defendants are entitled to an order of preclusion unless within 20 days plaintiffs furnish the required particulars in accordance with this opinion. The demands relating to the number of house calls and office visits to plaintiffs’ physicians, the names of persons to whom plaintiffs became obligated to pay for medical supplies, physicians’ and nurses’ services and hospital expenses, the automobile insurance details of the plaintiff Desimone’s action, and the request for a copy of the auto repair bill are improper and the demands are modified accordingly.
Prepare order.