Murray T. Feiden, J.
The plaintiff wife moves for an increase in the support and maintenance provision contained in a decree of separation granted December 6, 1956. The moving party also requests a hearing, reserving her right to apply for a counsel fee until the time of said hearing.
The affidavits on this application adequately disclose the financial condition of both parties. The essential facts are not seriously disputed. Consequently the hearing requested is not necessary. The plaintiff’s conjectures as to defendant’s income are of no value in the light of the record submitted by the defendant.
The parties were married in 1933 and had one issue of said marriage, a son, who at the time of the separation was 20 years of age and earning $34 a week. The decree of separation was based upon the husband’s abandonment and provided for $70 a week for the wife out of the husband’s $15,000 a year income. The son did not receive any allowance because of his imminent emancipation. After the separation decree defendant procured a Mexican decree of divorce and married another woman with *386 whom he is now residing as husband and wife. This Mexican decree of divorce has since been declared void.
At the present time, the wife is 58 years of age and the husband is 60. The son is 27 years of age and is earning $100 a week. However, the income of the son should be disregarded because it is the defendant’s duty to support the plaintiff and not that of the son (Sabatino v. Sabatino, 188 Misc. 542).
The defendant admits that since the decree of 1956 he has averaged the sum of approximately $550 a year more than he was earning in 1956, Defendant and this other woman have filed a joint income tax return reporting a combined income of $19,801. Defendant has claimed income tax deductions not only for the payments made to the plaintiff, but also has obtained the income tax advantage of filing a joint return for himself and the woman he is living with by claiming that she is his legal wife. This tax advantage is a factor to be considered (Balmer v. Balmer, 12 Misc 2d 226, 228).
The record shows that the plaintiff was suffering from hypertension in 1956 and that she is still suffering from this condition as well as some serious dental difficulties. The moving papers set forth weekly expenses of $125.50, which is only about $10 more than that which she originally claimed in the 1956 proceeding. Proportionately, a $10 increase in the cost of living expenses between 1956 and 1963 is certainly a moderate estimate.
One need not labor the point that at the present time the allowance of $70 a week to the plaintiff, as reduced by a $544.10 Federal income tax and a $40.78 State income tax, is less than the minimum subsistence figure for a woman in the plaintiff’s walk of life. The court takes judicial notice of the fact that inflation has substantially increased the cost of living* and that this factor represents a substantial deterioration in the financial condition of the plaintiff.
The increased cost of living is a far greater burden and has far greater impact on the plaintiff who is already on a minimum subsistence level with a $70 a week allowance, less tax deductions, than it is to the defendant who still has a substantial income even after support payments to his wife (Balmer v. Balmer, supra, p. 228). While the cost of living has placed the wife well under the minimum subsistence level, the husband is still well above that level. It is also to be noted that ordinarily when a man remarries after a divorce, he assumes the burden of supporting two women. In this case defendant’s cost of maintaining himself has not been increased due to the fact that he is living with a woman who admittedly is gainfully employed and is well able to support herself.
*387 An examination of the authorities reveals that the increased cost of living is an element to be considered in an application for an increase. In Parker v. Parker (189 App. Div. 603), decided in 1919, the husband had a net income of $7,000 per annum and his second wife had an income of $2,000 per annum. The first wife, who was receiving alimony of $2,000 per annum, of which $800 was allocated to children, moved for an increase. The court held at pages 607-608: ‘1 But it will be observed that unless her alimony is increased the defendant will be obliged to pay her only $1,200 per annum since the children are all of age. We are of the opinion that, for the present, at least, even $2,000 is inadequate for the proper support and maintenance of the plaintiff. We think she should have $55 per week while the present high cost of living continues.”
In Barker v. Barker (45 N. Y. S. 2d 809) the husband made an application to reduce support where one of the children became married and the other employed. The court refused to make any reduction even though originally it had been agreed that upon marriage of either of the children, a reduction would be made. The court had this to say in denying the application, at page 811: “ Living conditions have become materially altered and the purchasing value of the dollar has sharply declined since such time.” (See, also, Sirianni v. Sirianni, 127 N. Y. S. 2d 387, 394; Shapiro v. Shapiro, 272 App. Div. 931; Bartenbach v. Bartenbach, 271 App. Div. 799; Clarke v. Clarke, 7 A D 2d 831.)
The motion is granted to the extent of increasing plaintiff’s allowance from $70 to $80 per week. The motion for a hearing is denied. If plaintiff complies with the rules of this court regarding disclosure of her fee arrangement with her counsel, counsel fees will be allowed in the order to be submitted on this decision.