Jebome M. Lasky, J.
This action is for personal injuries and property damage sustained by plaintiff as a result of an automobile accident occurring on February 10, 1963.
Defendant demanded a bill of particulars specifying, inter alia, 1 ‘ which injuries are claimed to be permanent.” Plaintiff served a verified bill of particulars specifying in response to such demand the following: “ Some or all of injuries may be permanent in nature. But full extent of permanency cannot be determined at this time.” Defendant now moves to preclude plaintiff upon the trial herein from introducing any evidence as to the permanency of the injuries suffered by plaintiff.
Clearly defendant is entitled to a bill of particulars as to which injuries plaintiff will claim to be permanent on the trial. (Meyer v. Grand Union Co., 264 App. Div. 795.) Moreover, the plaintiff is required to be specific, and a bill of particulars which claims that all of the injuries except those of a “ superficial” or “minor” nature are permanent is insufficient.
*992 (Rotondi v. Vaughan, 28 Misc 2d 656; Desimone v. Robertson, 19 Misc 2d 80, 82.)
The court, however, is satisfied that the plaintiff, in good faith, is unable at this time to specify which of the injuries will be permanent, and plaintiff has so sworn in the verified bill of particulars. It is important to note that the accident occurred only about seven months before defendant’s demand for a bill, and that it is therefore not at all unreasonable for plaintiff to be unable to state the extent of the permanent injuries at this time. Compare Meyer v. Grand Union Co. (supra), wherein the plaintiff was required to furnish particulars at once as to which injuries were permanent in view of the fact that the accident had occurred nearly three years previously.
The court is thus faced with a situation in which the defendant is entitled to certain information on the one hand, but the plaintiff is unable to furnish such information at the present time, although he certainly will be able to furnish it in due course. It seems insufficient to the court merely to state that the bill is sufficient by reason of the fact that the plaintiff has stated in good faith and under oath that he is unable to furnish particulars at this time. (See Runals v. Niagara Univ., 16 Misc 2d 853 [Supreme Ct., Niagara County].) Rather, the more equitable solution seems to be to require the plaintiff to furnish a further bill of particulars when such information becomes available and to specify an outside date by which such particulars should be available, so that if such further bill of particulars is not served by the outside date the defendant will be in position to move again for a preclusion order. Compare Rowe v. Levine (15 A D 2d 571 [2nd Dept.]), wherein plaintiff was directed to furnish particulars within a specified period after completion of the examination before trial of defendant. The authority may be found in subdivision (d) of rule 3042 of the Civil Practice Law and Rules, wherein it is provided that if a bill is defective or insufficient the court ‘ ‘ may make an order of preclusion or directing the service of a further bill.” No time limit within which the further bill must be served is set forth.
In the instant case it would certainly seem that by January 1, 1965, plaintiff should be in a position to specify which of the injuries, if any, are permanent. Accordingly, the motion to preclude is denied, but plaintiff is directed to serve a further bill on or before January 1, 1965, specifying which of the injuries will be claimed to be permanent on the trial hereof. In the event such further bill is not served by such time, then the sole remedy of defendant shall be to move for an order of preclusion by reason of the failure to serve such further bill. The court *993 wishes to point out to plaintiff that if it fails to submit such further bill as directed a preclusion order may be granted, and there is no certainty that the court will grant such preclusion order conditionally. It will be incumbent on plaintiff to satisfy the court that the reasons for the failure to serve such further bill are such that an absolute order of preclusion should not be entered.