■ ILEANA ADLERMAN, Appellant, v. EDWIN J. ADLERMAN, Respondent.— Order entered August 13, 1965, denying plaintiff's motion for an increase in

alimony payments and payments for the infant issue, affirmed, without costs and without disbursements. Concur — Botein, P. J., Breitel, Steuer and Witmer, JJ.; McNally, J., dissents in the following memorandum: I dissent. Plaintiff has alleged a change of circumstances. Her application should not be determined without a hearing. In this separation action the modified judgment of June 23, 1960 (10 A D 2d 945, affd. 8 N Y 2d 1100) provides for monthly support payments of $300 for the wife and $200 for the female child of the parties. The cause was tried in December, 1959, when the child was eight months. Plaintiff's application is grounded largely on additional educational, medical and clothing needs of the child now six years. Defendant is a urologist. In 1959 his gross income was $30,000, net income $18,000 and assets about $200,000. Plaintiff alleges and defendant does not deny that his income has increased considerably and he is otherwise more affluent. Plaintiff itemizes educational, recreational, medical and clothing expenses for the child exceeding the amount awarded for her support exclusive of any allocation for rent and other apartment expenses. Defendant challenges some of the items as either unnecessary or unauthorized. Special Term denied the application without a hearing on the ground the plaintiff failed to show changed circumstances. It cannot be gainsaid that a female child circumstanced as is the child of the parties requires substantially more financial support at the age of six than she required at the tender age of eight months (see *Malamat* v. *Malamat*, 264 App. Div. 795). It is not enough that the child has grown or for that matter there has been a general inflation of prices. (*Liebmann* v. *Liebmann*, 19 A D 2d 821.) However, the fortuitous circumstance of the child's maturation during an inflationary period inevitably tends to increase her financial support requirements. Defendant's legal liability therefor subsists within the limits of his financial capacity. (*Kraunz* v. *Kraunz*, 293 N. Y. 152; *Liebmann* v. *Liebmann*, 22 A D 2d 663.) Here the plaintiff has itemized the needs of the child. The fact of general inflation simply serves to confirm that the sum presently required for the specific needs of the child is greater than was necessary or anticipated therefor in 1960 when the award was made, even if it be assumed it was made in the light of the present requirements of the child (see *Goodman* v. *Goodman*, 12 A D 2d 591; *Clarke* v. *Clarke*, 7 A D 2d 831; *Damsey* v. *Damsey*, 39 Misc 2d 385, affd. 20 A D 2d 969). Issues as to the propriety of the items of support and the amounts required therefor should not be resolved without a hearing. At this time whether plaintiff has established a change in circumstances is to be determined on her allegations without attempting to resolve those disputed by defendant. (*Peters* v. *Peters*, 14 A D 2d 778; cf. *Brody* v. *Brody*, 22 A D 2d 646; *Liebmann* v. *Liebmann*, 22 A D 2d 663.)