(22 App. Div. 21.)

## MOSES v. HATCH et al.

(Supreme Court, Appellate Division, First Department. November 12, 1897.)

1. PLEADING—BILL OF PARTICULARS.

Upon a motion by defendants for a further bill of particulars in an action to recover for services under an alleged contract made by defendants' testator, plaintiff's answering affidavit stated that a written promise of the testator was contained in certain papers retained by the latter, and naturally, if in existence, in the present possession of defendants. *Held*, that an order requiring plaintiff to give defendants an inspection of these papers, which he denied having, was improper, but he should have been required to state their character, form, and when, and in whose possession. he last saw them.

2. SAME.

In an action upon an alleged contract by defendants' testator, defendants admitted that plaintiff had performed some work as alleged, but alleged want of sufficient knowledge or information to form a belief with respect to the alleged promise of testator as to payment, and demanded a bill of particulars. *Held*, that they were entitled to know when and where the alleged promises were made, and to limit the proof to such times and places.

3. SAME—OFFICE OF BILL.

It is not the office of a bill of particulars to apprise the defendant of the nature of the plaintiff's proof, or, in general, the names of his witnesses, and thus to confine him merely to calling the witnesses named in the bill of particulars.

Williams, J., dissents.

Appeal from special term.

Action by Charles H. Moses against Alfred H. Hatch and another. From an order requiring plaintiff to furnish a further bill of particulars, he appeals. Modified.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

W. W. Niles, for appellant.

A. B. Smith, for respondents.

PATTERSON, J. This is an appeal from an order requiring the plaintiff to furnish a further bill of particulars of the claim set forth in the complaint. The action was to recover a balance of $27,722.93 for work, labor, and services alleged to have been performed by the plaintiff for the defendants' testator during his lifetime, and between the 1st of August, 1879, and the 20th of February, 1896, both inclusive. It is alleged that such labor and services were reasonably worth a certain amount, and that William Moses, the testator, "promised to pay that sum to the plaintiff for the same, from month to month." The complaint then gives credit for a certain sum paid on account. The answer admits that the plaintiff did perform some work, labor, and services for their testator, but the defendants have no knowledge or information sufficient to form a belief as to the value thereof over the amount paid by the testator during his lifetime. The averment in the complaint respecting the promise of William Moses to pay is denied by an allegation of the want of sufficient knowledge or information to form a belief with respect thereto. A

demand was made by the defendants' attorneys upon the plaintiff for a bill of particulars setting forth whether the promise alleged in the complaint to have been made by William Moses was a verbal one, or in writing, and also stating the date when and the place where the said promise or agreement was made. In apparent compliance with that demand, a paper purporting to be a bill of particulars was served by the plaintiff on the defendants. That so-called bill of particulars contains the statement that "the promise or agreement of the testator, William Moses, to this plaintiff, claimed in the complaint, was an implied promise, a verbal promise, and a promise in writing"; "that the dates of the promise were at various times between May 1, 1879, and February 20, 1896; that the place where the promise was made was the city of New York and the city of Brooklyn." Upon the receipt of that communication, the defendants moved the court for a further bill of particulars, which motion was granted, and the plaintiff was required by the order to serve a further verified bill of particulars, "stating when, where, and to whom, the promises are severally alleged to have been made by the defendants' testator, as claimed in the complaint and former bill of particulars herein, and to give the defendants an inspection of the writing containing the agreement or promise." By the admission of the plaintiff, there was some kind of a written agreement or promise. The defendants showed that they could not find among the papers of the testator, after an examination of his books and other records, any memorandum or entry indicating the existence of any such agreement in writing. They were absolutely in ignorance of any specific contract or obligation upon the part of their testator, although they admit that the plaintiff was employed by him, and that he did render services for such testator. The answering affidavit of the plaintiff states that there was a written memorandum, which was retained by William Moses, and some provision made in a will executed by William Moses that contained the written promise, and that those papers were retained by William Moses, and, if they existed, would naturally be in the possession of the defendants, and that he had, therefore, no means of complying with any requirement for the inspection of the written evidence of the contract. Upon these facts being made to appear by the plaintiff, the court below should not have made the order requiring an inspection of documents. The plaintiff showed that he was not in a situation to comply with any such command; but the court should have required him to state the character of the alleged writings, in what form they were made, and when, and in whose possession, he last saw them. The defendants were entitled to have the proof limited in that way. The defendants were entitled to know when and where the promises alleged to have been made by the defendants' testator were made, and to limit the proof to such times and places, in order that they might have a reasonable opportunity to produce witnesses, and to meet the proof of their adversary. Cunard v. Francklyn, 111 N. Y. 511, 19 N. E. 92. In that respect the order was right, but, with reference to the provisions of the order as to the giving the names of the plaintiff's witnesses, we think it was not properly

made. It is not the office of a bill of particulars to apprise the defendant of the nature of the plaintiff's proof, or, in general, the names of his witnesses, and thus to confine the plaintiff merely to calling the witnesses named in the bill of particulars. There may be exceptional cases in which it is necessary for a party to know the name of some particular witness, but there was nothing shown in the affidavits of the moving party to make such an exceptional case.

The order appealed from should be modified by striking out the provision relating to the inspection of documents, and by inserting a provision requiring the plaintiff to state the nature and character of the alleged writings or memoranda, and when such writings or memoranda were made, and also by striking out that provision of the order which requires the plaintiff to state to whom the verbal promises were made; and as thus modified the order is affirmed, without costs to either party.

VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ., concur. WILLIAMS, J., dissents.