THE H. B. CLAFLIN COMPANY, Appellant, *v.* JANE H. KNAPP, Respondent, Impleaded with CARRIE PATTEN.

*Bill of particulars — when proper as to alleged misrepresentations inducing a defendant's execution of a guaranty.*

Where a corporation sues two persons upon a guaranty executed by them, and one of such persons interposes an answer setting up, as a defense, that the guaranty was obtained by fraud and misrepresentations made by one Higgins on behalf of, and with the authority of, the corporation, the corporation, upon presenting an affidavit from which it appears that no one connected with the corporation has had any dealings with Higgins, except the affiant, and that he never saw the answering defendant or dealt with her and had no knowledge whatever regarding her defense, and that neither he nor any officer of the corporation knows anything regarding the alleged fraud or misrepresentations, or when or where they were made, is entitled to a bill of particulars showing what the alleged representations were and when and where they were made.

APPEAL by the plaintiff, The H. B. Claflin Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of December, 1900, denying the plaintiff's motion for a bill of particulars.

*A. H. Parkhurst*, for the appellant.

*Arnold W. Sherman*, for the respondent.

PATTERSON, J.:

From an order denying a motion made by the plaintiff for a bill of particulars an appeal is taken. That the motion was properly denied as to most of the matter in respect of which information was sought, is plain, but in respect of one subject only we think it should have been granted. The defendant Jane Knapp is sued upon a guaranty executed by her and a co-defendant and delivered to the plaintiff. In her answer Jane Knapp sets up as a separate defense that if the instrument mentioned in the complaint was executed by her, it was obtained by the plaintiff and others in collusion with it, by fraud and misrepresentations, and that such fraud and misrepresentations were made by and on behalf of the plaintiff at its instigation and upon its authority by one Jesse T. Higgins, her brother. In support of the motion an affidavit of W. B. M. Jordan was presented, from which it appears that no one connected with the plaintiff corporation had any dealings with Higgins, except the affiant, and that he never saw the defendant Knapp or dealt with her, and had no knowledge whatsoever regarding her defense, and that the guaranty upon which the plaintiff's cause of action rests was received by mail from the defendant, and he further states that neither he nor any officer of the plaintiff corporation knows any thing regarding the alleged fraud or false representations set up by the defendant Knapp, and that no one connected with the plaintiff has any knowledge of what the alleged false representations were or when they were made. The plaintiff moved that the defendant be required to give a bill of particulars, stating, among other things, the fraud or false representations by which the said guaranty was obtained, and the nature, manner and character thereof, and whether written or oral, and when and where and by whom made, perpetrated and practiced.

The answer states by whom the alleged misrepresentations were made, but what those representations were, and when and where they were made should be disclosed in order that the plaintiff may be enabled to prepare properly for the trial of the action.

For this reason, the order should be reversed and the motion granted, to the extent of requiring the defendant Knapp to state what the alleged false representations were, and when and where they were made, without costs to either party.

VAN BRUNT, P. J., RUMSEY and McLAUGHLIN, JJ., concurred.

Order reversed and motion granted to extent stated in opinion, without costs of appeal.