It makes no difference that the defendant installed the water pipe, and therefore itself constructed the obstruction. A municipality is no more liable for an act of commission than it is for an act of omission. If the obstruction amounts to a defect, it is unimportant how it arose. What would not be a defect if arising from omission is not one because it was created by an affirmative act. Nor does it change the situation that on one occasion a boy attempting to slide on the walk caught his toe in the cap and fell. Such an occurrence did not prove its dangerous character.

The holding of the defendant liable in the present case is directly contrary to a long line of decisions, illustrated by Beltz v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401, Hamilton v. City of Buffalo, 173 N. Y. 72, 65 N. E. 944, Butler v. Village of Oxford, 186 N. Y. 444, 79 N. E. 712, Getzoff v. City of New York, 51 App. Div. 450, 64 N. Y. Supp. 636, and Corson v. City of New York, 78 App. Div. 481, 79 N. Y. Supp. 604. It cannot be that the Court of Appeals, in affirming Moroney v. City of New York, 117 App. Div. 843, 97 N. Y. Supp. 642, 103 N. Y. Supp. 1135, affirmed 190 N. Y. 560, 83 N. E. 1128, intended to overturn its holdings in all prior cases, and establish a new measure of liability, by deciding that an irregularity of 1¾ inches in a sidewalk was so substantial a defect as to render a municipality liable for damages.

The fact that the cap projected slightly, making a flange which caught the toe of plaintiff's shoe, does not change the situation. Such a condition was no more of a trap than the broken flagstones in the cases cited.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.

COCHRANE and SEWELL, JJ., concur. KELLOGG, J., concurs in result. SMITH, P. J., dissents.

=====

## WILSON & BAILLIE MFG. CO. v. DUMARY.

(Supreme Court, Appellate Division, Third Department. November 16, 1910.)

1. PLEADING (§ 317*)—BILL OF PARTICULARS.

   It is improper to compel plaintiff to furnish a bill of particulars of the persons present at the time when the transactions between the parties relied on were had; it not being the office of a bill of particulars to furnish a list of the witnesses of the party required to furnish a bill of particulars.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

2. PLEADING (§ 317*)—BILL OF PARTICULARS.

   Under Code Civ. Proc. § 531, providing that, where the account on which the cause of action rests is not set forth, defendant is entitled to a bill of particulars, plaintiff, who makes the account out of which he claims the indebtedness of defendant accrued a part of the complaint,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and who sets forth fully therein all the transactions between the parties, should not be required to furnish a bill of particulars.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

Appeal from Special Term, Albany County.

Action by the Wilson & Baillie Manufacturing Company against T. Henry Dumary. From an order directing plaintiff to furnish a bill of particulars, he appeals. Reversed.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

George C. Case, for appellant.
Thomas F. Powers, for respondent.

HOUGHTON, J. The action is for money loaned to and expended by the plaintiff for the defendant. Annexed to the complaint and made a part of it is a full debit and credit account of the transactions had between the parties upon which the plaintiff bases its cause of action. On motion of the defendant the court required the plaintiff to furnish a bill of particulars of the time when the amount claimed by plaintiff was advanced to the defendant, and the place where, and whether paid in cash or by check, and also who was present when the loan was made, and whether the defendant delivered any collateral security for the same.

It was improper to compel the plaintiff to furnish a bill of particulars of the persons present at the time when the transactions between the parties were had. It is not the office of a bill of particulars to furnish a list of the witnesses of the adverse party. The plaintiff having made the account out of which it claims the indebtedness of the defendant accrued a part of its complaint, and having set forth fully therein all the transactions claimed to have been had between the parties, no further bill of particulars should have been required. Section 531 of the Code of Civil Procedure provides that an account need not be set forth in a pleading, unless the party so chooses, and that, if the account upon which the cause of action rests is not set forth, the opposite party is entitled to a bill of particulars. Where the account is fully set forth, there is no occasion for any further bill of particulars, because the opposite party is furnished with all the items in controversy. Seed v. Fairchild, 83 App. Div. 629, 82 N. Y. Supp. 490.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.