GEORGE H. LORDI, Respondent, v. VIRGINIA LORDI BRANCATI, Appellant.— Order granting motion to strike out defendant's defenses and counterclaim affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Scudder, Tompkins and Davis, JJ., concur.

SAMUEL KENNEY McCREADY, Respond t, v. ISLAND PARK-LONG BEACH, INC., Appellant.— Order granting plaintiff's motion for an examination of the defendant before trial modified so as to provide that the motion be denied as to all items except IV and V, as to which the motion is granted to the extent of directing that defendant be examined with respect to all sales made by Peter G. Chingos from October 17, 1929, to July 25, 1930, and by Bertha S. Wesley and Ivan D. Wesley from January 7, 1930, to July 25, 1930. As so modified the order is affirmed, with ten dollars costs and disbursements to appellant, examination to proceed on five days' notice. Order granting plaintiff's motion for a bill of particulars modified by striking out items IV and V and by striking from item III the requirement that defendant furnish the names and addresses of witnesses, and as thus modified the order is affirmed, with ten dollars costs and disbursements to appellant; the bill to be furnished within five days from service of a copy of the order herein. Items IV and V concern matters involved in the complaint and are the basis of an examination before trial allowed in the companion order. Requiring the furnishing of names of witnesses is unauthorized (*Wilson & Baillie Manufacturing Co.* v. *Dumary*, 140 App. Div. 838) except under well-defined exceptions to the general rule, within which exceptions the situation herein does not come. Lazansky, P. J., Young, Carswell, Tompkins and Davis, JJ., concur.

ANN ODES and BOSILIA, INC., Appellants, v. TROIA REALTY CO., INC., Respondent, Impleaded with Others, Defendants.— Judgment reversed on the law and the facts, with costs, and judgment directed for plaintiffs for the foreclosure of the mortgage in question, with costs. Findings of fact and conclusions of law inconsistent with this decision are reversed and new findings and conclusions will be made. In our opinion, the evidence shows that respondent affirmed the bond and mortgage in question and waived any fraud, and the plaintiffs are entitled to judgment of foreclosure. Appeal from the order denying plaintiffs' motion for a new trial on the ground of newly-discovered evidence dismissed, without costs, as unnecessary in view of our disposition of the appeal from the judgment. Young, Scudder and Tompkins, JJ., concur; Lazansky, P. J., and Davis, J., dissent from the direction for judgment and vote for reversal and a new trial, costs to appellants to abide the event, with the following memorandum: The court found that respondent was defrauded in the transaction; and if respondent had set up a counterclaim for the amount of the damages, they could have been offset as against the amount of the bond and mortgage. (*Vail* v. *Reynolds*, 118 N. Y. 297.)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANKLIN JAMES HUNT, Appellant.— Judgment of conviction of the County Court of Putnam county unanimously affirmed. No opinion. Present — Lazansky, P. J., Young, Carswell, Tompkins and Davis, JJ.