CLEM C. AUSTIN, Suing on Behalf of Himself and All Other Stockholders of PACIFIC COAST CEMENT CORPORATION, Similarly Situated, Plaintiff, *v.* WILLIAM T. GARDINER et al., Defendants.

Supreme Court, Special Term, New York County, February 19, 1947.

*Bandler, Brady & Haas* and *Samuel Gottlieb* for plaintiff.

*John A. Wilson* and *George C. Seward* for William T. Gardiner and others, defendants.

*McLaughlin & Stickles* for Pacific Coast Cement Corporation, defendant.

*Webster & Garside* for Richard P. Windisch, defendant.

SHIENTAG, J. This motion to dismiss the complaint is disposed of as follows: (1) Section 61 of the General Corporation Law requires that in a derivative stockholder's action " it must be made to appear that the plaintiff was a stockholder at the time of the transaction of which he complains   *   *   *." A proper compliance with the provisions of this section requires an allegation in the complaint setting forth the date, exact or approximate, when it is claimed that the plaintiff became a stockholder. It will then become apparent from the face of the complaint itself whether and to what extent the plaintiff has the capacity to sue.

(2) In *Myer* v. *Myer* (271 App. Div. 465, 475) the court ruled that " all allegations contained in the complaint referring to activities occurring prior to * * * the date when plaintiffs acquired " their stock, " should be dismissed as to all moving defendants." This did not mean, however, that in the case of what are claimed to be continuing wrongs, and which so appeared to be alleged in the complaint, plaintiff would be precluded from setting forth the facts with respect to the inception of the alleged wrongs, although they occurred prior to the date he acquired his stock. Apart from the application of the Statute of Limitations, the plaintiff's recovery under *Myer* v. *Myer* (*supra*) would be limited to the period from the time he acquired his stock, but he could nevertheless set forth relevant facts by way of inducement or historical background tending to show the existence of continuing wrongs and, in so doing, could go back to a period before the stock was acquired by him. Otherwise, it might be impossible to recover for any continuing wrong.

The motion to dismiss the complaint is accordingly granted with leave to serve an amended pleading in accordance with the foregoing determination within twenty days after service of a copy of the order to be settled hereon with notice of entry. Settle order.