DOUGLAS RIPLEY et al., on Behalf of Themselves and All Other Stockholders of Believe It Or Not, Inc., Similarly Situated, Plaintiffs, *v.* HARRY E. COLWELL, JR., et al., Defendants.

Supreme Court, Special Term, New York County, March 11, 1954.

*Fennelly, Eagan, Nager & Lage* for Douglas Ripley, plaintiff.

*Herman S. Axelrod* and *Maitland M. Axelrod* for Herlart, Inc., plaintiff.

*J. Addison Young, 2d,* for Harry E. Colwell, defendant.

*Morton Miller* and *Meyer Schwartz* for Douglas F. Storer, defendant.

FRANK, J. This is a stockholder's derivative action.

The complaint alleges that a resolution of the directors, by the terms of which the individual plaintiff and the defendant Storer receive 40% of the corporation's gross income over a certain sum, is invalid and wasteful of corporate assets.

Whether the resolution be regarded as a bonus incentive plan or as a method of siphoning corporate profits is of no moment, for in either situation the plaintiffs can be afforded no relief.

The plaintiff Ripley, a stockholder and director, voted for the resolution which he now attacks. He cannot, therefore, be heard to complain (*Holmes* v. *Crane,* 191 App. Div. 820; *Robertson* v. *Schoonmaker,* 158 Misc. 627, 636). In passing, it should be observed that in a related matter, Ripley was barred from contesting other transactions of a similar nature (*Ripley* v. *Storer,* N. Y. L. J., Oct. 9, 1953, p. 699, col. 6).

The plaintiff Herlart Inc., acquired its stock interest after the unanimous adoption of the subject resolution. It may not be heard to complain about transactions which occurred prior to its stock purchase. It has been held that a stockholder may not "litigate a purchased grievance" (*Gottfried* v. *Gottfried,* 112 N. Y. S. 2d 431; *Capitol Wine & Spirit Corp.* v. *Pokrass,* 277 App. Div. 184, affd. 302 N. Y. 734). Since the only stockholders named as party plaintiff are estopped, the corporation for whose benefit the action is allegedly maintained is likewise precluded from recovery (*Markson* v. *Markson's Furniture Stores,* 267 N. Y. 137, 143; *Martin* v. *Niagara Falls Paper Mfg. Co.,* 122 N. Y. 165; *Capitol Wine & Spirit Corp.* v. *Pokrass, supra*).

The complaint is accordingly dismissed on the merits, without costs. Findings of fact and conclusions of law having been waived, this constitutes the decision of the court. The clerk is directed to enter judgment for the defendants.