NORTHRIDGE COOPERATIVE SECTION No. 1, INC., Plaintiff, *v.* 32ND AVENUE CONSTRUCTION CORP. et al., Defendants.

Supreme Court, Special Term, New York County, January 11, 1955.

*M. Carl Levine* and *David Morgulas* for 32nd Avenue Construction Corp. and others, defendants.

*Samuel Hoffman, Bernard Buchwald, Maxwell H. Tretter* and *Irving Margolies* for plaintiff.

GAVAGAN, J. This action was instituted to recover the so-called "windfall" profits resulting from construction of plaintiff's apartment building for a sum less than the mortgage placed thereon.

The complaint reveals that the two dominating individual defendants acquired, either directly or through a controlled corporation, a parcel of land, leased same to a co-operative corporation of which these individuals or their nominees were the original stockholders, directors and officers, caused the co-operative to obtain a so-called section 213 mortgage (National Housing Act, U. S. Code, tit. 12, §§ 1713, 1715e) and through other corporations erected the structures at a cost within the mortgage, siphoning off the excess and leaving the co-operative corporation with the mortgaged property but none of the excess amount of the mortgage. The lease allegedly calls for excessive rent to the benefit of the dominating individuals or their designees and detriment of plaintiff, fixed when the lessor and lessee were in control of the dominating defendants or their designees. Charging a breach of fiduciary duty owed the co-operative plaintiff by the dominating individual defendants and their corporate and individual agents or instrumentalities in permitting the siphoning off of the excess, an accounting is sought in the first cause.

The second cause seeks recovery for breach of the building contract between plaintiff and the dominated defendant building contracting corporation.

The third cause seeks recovery on a performance bond given by the building contracting corporation and the dominating individual defendants for the faithful performance of the building contract.

Dismissal of the three causes is first sought on the ground that sufficient facts are not alleged. This relief is sought by the dominating individual defendants and the 32nd Avenue Construction Corp. The latter corporation was the original building contracting corporation and assigned the building contract, made with plaintiff, to the 92nd Street Building Corp., which conducted the building operation. Both these corporations were allegedly dominated corporations. In this branch of the motion the moving defendants raise two points: First, it is urged that the allegations of the cause with respect to defendants' saddling the plaintiff with an inequitable rent in the lease through control of the lessee and lessor corporations and the prayer for relief in respect thereto, viz., voiding the present

rental provisions and having the rent fixed by the court, do not set up any cause of action legal or equitable, in the absence of a rescission. Secondly, it is urged that the false allegations with respect to the carrying charges damage the co-operative stockholders of plaintiff and not plaintiff itself.

Before passing to the merits of either point, it should be observed that neither group of allegations nor the prayer for relief, which is one of several items of relief sought with respect to the first cause, presents any ground for dismissing the complaint. The sufficiency of a cause is not tested by the relief sought. If the proof shows that the defendants owed a fiduciary duty to the plaintiff and, in breach thereof, imposed lease terms unjust to plaintiff and unduly favorable to themselves, equity will fashion a proper remedy, which will not be by way of rescission of the lease, for, if the lease is rescinded, the improvement thereon is not readily separable from the leasehold. With respect to the second point, it is not clear, as a matter of pleading at least, that false representations, inducing purchasers of stock in a co-operative corporation to believe that their carrying charges will be within their capacity to pay, damage only the stockholders and not the corporation. Such reasoning overlooks the nature of a co-operative corporation. Such a corporation is not a business corporation in the ordinary contemplation. It is a vehicle for the common ownership of property, in this instance to enable the occupants, the stockholders of the co-operative, to own, manage and operate residential apartments without anyone's profiting therefrom. It must look to its stockholders for its income to pay the common carrying charges. If by these false representations it has stockholders unable, financially, to meet their burdens, the corporation, as well as the stockholder who bought in reliance on the false representations, may well be damaged. Finally, it should be noted that the transactions specifically attacked in this branch of the motion are incidents in an alleged course of conduct; these are the factual allegations of the conspiratorial acts with which defendants are charged.

The second branch of the motion is made under rules 106 and 107 and affidavits are submitted. An attempt is made to show that, when the transactions complained of took place, none of the stockholders of the present co-operative plaintiff were stockholders and that the dominating defendants or those considered as their designees were the sole stockholders. Invoking section 61 of the General Corporation Law and the cases of *Austin* v.

*Gardiner* (188 Misc. 538); *Eisenberg* v. *Grossman* (275 App. Div. 946); *Capitol Wine & Spirit Corp.* v. *Pokrass* (277 App. Div. 184, affd. 302 N. Y. 734), and *Ripley* v. *Colwell* (206 Misc. 46) as authority for the proposition that there may be no litigation of purchased grievances or derivatively on their behalf, the dismissal of the complaint is sought.

Preliminarily, it is noted that an issue exists as to the dates when stock of the plaintiff was first sold and that sufficient appears in the opposing affidavits to bar granting the relief sought, were the rule of law invoked applicable. This rule is not applicable, however. Recourse is had again to the co-operative nature of the plaintiff corporation. It is held that a co-operative corporation, such as plaintiff, is not subject to the rule referred to, at least when the transactions complained of occur in its organizational phase. Plaintiff's organizers and original stockholders differ essentially from the stockholders of general business corporations. Plaintiff was not organized for profit; rather it is " classed as a non-profit corporation " (Cooperative Corporations Law, § 3). Its organizers and original stockholders did not control a business corporation, the stock of which was transferable, as stock in such corporations are dealt in, in market places. The rule promulgated by section 61 is intended to protect business corporations primarily and perhaps, in a proper case, co-operative corporations from those (a) who had no interest in such corporations when certain transactions of doubtful validity occurred; or (b) had no interest when wholly-owned or closely-held stock corporations have transactions unobjectionable because such corporations may, with the consent of their stockholders, dispose of their assets almost as they please (doing no harm to creditors, of course) from vexatious lawsuits brought by those buying stock after the accomplishment of the questioned transactions. The plaintiff co-operative was formed as a vehicle to be used by those who would live in the apartment to be erected, to enable them to manage and operate without profit a commonly-owned residential property. The organizers and original stockholders had no such property interest, through their stockholdings, as would permit manipulations such as would be permissible in a solely-owned or closely-held stock corporation, always assuming no damage to the creditors of such corporations. The organizers and stockholders of co-operative corporations, such as plaintiff, were, in effect, owners of record, holders of legal title, for those beneficially interested, those buying, in the first instance at

least, into the co-operative corporation. Those so beneficially interested and their corporation are not barred in the stated circumstances by the rule relied upon by the moving defendants. To hold otherwise would do violence to the intendment and purpose of section 213 (U. S. Code, tit. 12, §§ 1713, 1715e) of the National Housing Act. That act required the formation of a co-operative corporation from whom the tenant-co-operators would purchase stock. The defendants, in their capacity of promoters and sponsors of the plaintiff corporation, organized and engineered the sale of the subscriptions of stock of the plaintiff co-operative corporation. These defendants set in motion the machinery to meet the requirements of section 213 and those requirements could not be satisfied if persons, other than the occupants of the project, should become the owners of the stock of the co-operative corporation. In acting under this section, all promoters, nominees, stockholders, subscriber stockholders and qualifying stockholders, were agents for the beneficial owners, i.e., the tenant-co-operator-stockholders and the plaintiff corporation. The plaintiff corporation was not organized for the benefit or profit of these defendants nor of the organizers. It was organized exclusively and entirely for the benefit of plaintiff and its ultimate tenant-co-operator-stockholders. These defendants acted as fiduciaries and agents of the plaintiff and its stockholders and are responsible to it and them in equity in the event of the breach of such trust. A court of equity will not shut its eyes to the realities of this transaction and elevate the form thereof over the substance. To elevate the form would do violence to the purposes for which the plaintiff corporation had its being.

Next, a dismissal is moved as to all three causes as to the 32nd Avenue Construction Corp. on the ground that, prior to the commencement of this action, said corporation was legally dissolved. This portion of the motion has been withdrawn, however.

So much of the motion as seeks a dismissal of the second cause as to the moving defendants is denied. The allegations of this cause are not addressed to these defendants.

The third cause does not refer to the defendant 32nd Avenue Construction Corp. and the motion is denied as to this defendant with respect to that cause. As to the other defendants, this branch of the motion is likewise denied. If the bond is penal in nature, the cause is sufficiently stated (Civ. Prac. Act, § 160); if it indemnifies against loss or damage, there may be a defense on the ground that the loss has not occurred. The bond is not

submitted. From the allegations of the complaint and from the nature of the underlying agreement it appears that the bond is penal in nature. If it develops otherwise, this branch of the motion may be renewed.

The separate statement and enumeration of causes contained in the causes as set forth in the complaint are denied. The separate acts of the various defendants are all alleged as part of a concerted plan or conspiracy; as such, they do not constitute separate causes.

The relief sought under rule 102 of the Rules of Civil Practice, is unnecessary. Defendants will have no trouble pleading to the allegations set forth in the complaint, which fully apprise them of the nature of plaintiff's causes.

The matter attacked under rule 103 of the Rules of Civil Practice, while in some instances conclusory in nature, is not objectionable when set forth with the factual data pleaded, and it does not appear that any of the allegations to which objection is made will prejudice the fair trial of the cause.

The motion is accordingly denied in all respects.