CENTRAL NATIONAL BANK, CANAJOHARIE, Respondent, v. BOARD OF EDUCATION CENTRAL SCHOOL DISTRICT No. 1 OF THE TOWNS OF NEW LEBANON AND CANAAN OF COLUMBIA COUNTY AND TOWN OF STEPHENTOWN OF RENSSELAER COUNTY, Appellant, et al., Defendant.

Third Department, March 14, 1957.

*Edward L. Bookstein* for appellant.

*F. Walter Bliss* and *Edgar Blumberg* for respondent.

Gibson, J. The cause of action with which the motion is concerned is to impress a trust upon moneys paid by the defendant board to the defendant surety company upon the surety's completion of its principal's work under a general construction contract. Plaintiff claims a prior assignment from the contractor, made with the surety's knowledge, consented to by the board and duly filed.

As compliance with section 3813 of the Education Law, the supplemental complaint alleges: "Seventeenth: That written verified claim upon which this action is founded was duly presented to the defendant Board of Education on February 16, 1955, on March 14, 1955, and on July 28, 1955, respectively; that presentation of said claim was made within three months after the accrual of said claim, and said defendant Board of Education has neglected and refused to make an adjustment or payment thereof for thirty days."

The motion attacks as sham and frivolous the allegations as to the claims presented February 16 and March 14. Each was,

in form, a verified complaint, with an accompanying summons, one in a prior action and the second the original complaint in this action. During an interim when an identical action was pending in a United States District Court, the plaintiff on July 28, 1955 presented a verified claim, which is not questioned as to form or presentment. On February 29, 1956, pursuant to an order granted on notice, plaintiff served the supplemental complaint which is the subject of the motion, and thereby, for the first time, alleged the presentment of a verified claim.

The motion pursuant to rule 103 of the Rules of Civil Practice to strike out as sham and frivolous was not made within the time prescribed by rule 105 and was properly denied. Thus, the allegations to which that motion was addressed remained in force, and it follows that the motion for a " further order " dismissing the complaint for insufficiency was properly and necessarily denied, unless, of course, the complaint is defective in some other respect.

Even had appellant been entitled to a favorable decision of the motion to strike out the questioned allegations of paragraph " Seventeenth ", the remaining allegations thereof, relating to the claim presented July 28, 1955, would have been sufficient to sustain the supplemental complaint and to have required denial of the motion to dismiss. Appellant contends to the contrary, asserting that such claim may not be used as the basis for an action commenced before its presentment and, of course, less than 30 days after the appellant's neglect or refusal to adjust or pay it. (Education Law, § 3813.) However, the order granting leave to serve the supplemental complaint expressly provided that the same be " in place of the original complaint herein " (Civ. Prac. Act, § 245), with the result that the supplemental complaint superseded the original. The statute authorizes a supplemental complaint " alleging any new and additional cause or causes of action  *  *  *  even though such additional causes of action  *  *  *  came into existence after the commencement of the action " (Civ. Prac. Act, § 245-a) and, further, permits such a supplemental complaint " to set up any facts which occurred after the commencement of the action, to the end that the litigation may be determined as of the time when the application for leave to supplement the pleadings is made." (Civ. Prac. Act, § 245-b; 1934 Report of Comm. on Administration of Justice in New York State, p. 271.)

It is asserted that appellant's improper refusal to permit inspection of its records prevented respondent from ascertaining the date of the acceptance of the contractor's work but that eventually respondent discovered that the acceptance date was

May 17, 1955, long after the commencement of the action, and this date is alleged in the supplemental complaint. Although the contract is not before us, there is at least a question of fact whether plaintiff's cause of action, certainly insofar as its right to a judgment directing payment to it of the fund is concerned, accrued only when appellant became liable, if at all, to pay pursuant to the assignment. If such is found to be the fact, it follows that no complete cause of action existed when the action was first commenced and that the cause of action set forth in the supplemental complaint was " new " within the purview of section 245-a and was not " prosecuted or maintained " (Education Law, § 3813) prior to a date 30 days after the presentment of claim.

The contention was advanced on the argument, although not in appellant's brief, that the supplemental complaint should be dismissed because the allegation that the fund was paid over by the board to the surety is admitted by the answer and no relief is sought as against the defendant board. The complaint does, however, demand judgment that plaintiff has a first and prior lien on the fund in the hands of the surety company " and/or " the board, that plaintiff is entitled to collect the moneys " from said defendants " and that " said defendants be directed to pay over said sum to plaintiff with interest ". The transfer of the fund is alleged to have been made by the board with knowledge of plaintiff's assignment, which had been duly filed. Plaintiff's claim, when interest is added, exceeds the amount of the fund. We consider that the board is at least a conditionally necessary party and that the complaint is sufficient to permit a recovery, on proper proof, against the board, as well as the surety, at least to the extent that plaintiff's damages may exceed the amount of the fund. The inclusion of appellant as a party defendant was consistent with the designedly liberal practice respecting joinder of parties and within the traditional latitude afforded by suits in equity.

The order should be affirmed, with costs.

FOSTER, P. J., BERGAN, COON and HALPERN, JJ., concur.

Order affirmed, with $10 costs.