Louis L. Friedman, J.
Defendant moves to strike paragraph eighth of the amended complaint on the ground that the matter contained therein is indefinite, uncertain and obscure, and for other reasons set forth in the notice of motion. The amended complaint was served following a determination by another Justice of this court, who struck out certain paragraphs of the original complaint wherein plaintiff attempted to plead a certain contract of insurance which, as plaintiff claimed, enured to the benefit of the present defendant. Paragraph eighth of the amended complaint contains most of the infirmities of the matter previously stricken, except that such amended complaint no longer uses the word 1 ‘ insurance, ’ ’ but instead speaks about a certain written agreement, obviously referring to the insurance policy in question.
The action is brought to recover for personal injuries sustained by the plaintiff as a result of the claimed negligence of the defendant, who at the time of the accident was operating a hilo on a certain pier in Brooklyn. It is claimed by the *979 plaintiff that he was struck by a bale of rubber which was upon said hilo, because of the negligence of the hilo operator. It appears from the papers that the hilo operator was a coemployee of this plaintiff and under such circumstances, the parties recognized that plaintiff would ordinarily have no cause of action either against said hilo operator or against his employer, because of the provisions of the Workmen’s Compensation Law. Plaintiff has, however, commenced an independent action against the owner of a certain motor vehicle, contending that the said owner was liable for this accident because at the time thereof, the hilo operator was aiding in the loading of the truck owned and operated by said third person, and plaintiff contends that the act of either loading or unloading is part of the operation of the truck itself. In order to sue the operator of the hilo, and in an attempt to establish that at the time of the accident he was then engaged in the operation of the truck rather than in his work as a coemployee of this plaintiff, the allegation of the complaint which is here attacked was included among the other allegations thereof. However, the practice adopted by plaintiff is improper, and the motion now made must be granted.
While the case of Wagman v. American Fidelity & Cas. Co. (304 N. Y. 490) is sufficient authority for the proposition that plaintiff would have a right to recover against the owner and operator of the truck in the companion action which has been brought (if there is any liability on the part of the hilo operator), and while the insurance company which insures said truck owner may therefore become liable under the terms of its policy of insurance, plaintiff has no right in this roundabout way to bring the matter of insurance to the attention of the jury and to avoid such implications as may arise from the fact that this hilo operator was his fellow employee. It cannot be said that the hilo operator was at the time of the accident an ad hoc employee because an ad hoc employment is “ predicated only upon surrender by the general employer of complete control ” (1 Shearman & Redfield on Negligence [Rev. ed.], § 166, p. 395, cited with approval in Ramsey v. New York Cent. R. R. Co., 269 N. Y. 219, 224, and Irwin v. Klein, 271 N. Y. 477, 484-485).
The court cannot fathom the reasons for plaintiff attempting the action which has been taken. Plaintiff should have commenced one single action against both the owner of the truck and the operator of the hilo, if indeed it was necessary to commence an action against the operator of the hilo at alL A few simple allegations would have been sufficient to set forth a cause of action against both, and the necessity for the. prepara *980 tion of these voluminous papers and the attacks thereupon would have been avoided.
Accordingly, the motion is in all respects granted and paragraph eighth will be stricken from the amended complaint, and the plaintiff will be granted 20 days to make such other and further application with respect to consolidation of the present pending actions, or to serve an amended complaint, as plaintiff may be advised.
Settle order on notice.