Michael Catalano, J.
The defendant moves to preclude ‘ ‘ the plaintiff from giving any evidence upon the trial of this action as to matters demanded in demand #2 in defendant’s demand for a bill of particulars, the answer to which the plaintiff has totally failed to supply ”.
Demand No. 2 of the defendant’s demand states: “ 2. State whether or not any persons other than the plaintiff and defendant were present at the time of the occurrence of the transactions referred to * * * and if so, the names and addresses of said persons and the dates and places at which they were present.”
The “ transactions ” are alleged in paragraph 3 of the complaint : “3. That on or about the 21st day of March 1953, an agreement was made between the plaintiff and defendant, where the plaintiff was to transfer to the defendant, his wife, his interest as a tenant by the entirety on certain real property in the City of- Buffalo, New York, hereinafter more specifically described, along with certain personal property and other rights, and the defendant agreed to assign and deliver to the plaintiff the afore-mentioned 630 shares of the capital stock of the said T. R. Goldsmith & Son, Inc., in consideration thereof.”
In support of her motion, the defendant’s affidavit states that she needs the names and addresses of any such witnesses “ to properly defend this action * * * because * * * plaintiff and defendant are husband and wife ’ ’; and because ‘ ‘ during all of that time plaintiff and defendant were working at the office of the corporation.”
The plaintiff moves in opposition for “ an order modifying defendant’s demand for a bill of particulars herein”.
The plaintiff’s affidavits claim the demand for names of witnesses is ‘ ‘ improper and impertinent * * * and * * * there are no special circumstances which merit giving of the information requested. ’ ’
The early case of Moses v. Hatch (22 App. Div. 21) decided by the First Department, Patterson, J., speaking for the majority of the court (Williams, J., dissenting) held (p. 23): “ It is not the office of a bill of particulars to apprise the defendant of the nature of the plaintiff’s proof or, in general, the names of his witnesses, and thus to confine the plaintiff merely to *751 calling the witnesses named in the bill of particulars. There may be exceptional cases in which it is necessary for a party to know the name of some particular "witness, but there was nothing shown in the affidavits of the moving party to make such an exceptional case. ” (The action was for work, labor and services.)
The Court of Appeals unanimously affirmed the judgment and order on the opinion rendered in Moses v. Hatch (21 App. Div. 468, affd. 163 N. Y. 554) but not the quoted opinion of Mr. Justice Patterson.
The First Department has followed this rule (Claflin Co. v. Knapp, 60 App. Div. 9); the Second Department is in accord (New York Terrace Estates v. Richmond Development Co., 224 App. Div. 765; McCready v. Island Park-Long Beach, 235 App. Div. 691; Szarf v. Blumenfeld, 5 A D 2d 887); the Third Department concurs (Wilson & Baillie Mfg. Co. v. Dumary, 140 App. Div. 838; Goakes v. City of Oneida, 180 App. Div. 118; Churchfield v. Hoffmann, 284 App. Div. 1003); but the Fourth Department, apparently, has not spoken on the subject.
It is not a proper function of a bill of particulars to disclose the names of witnesses present at the making of an alleged oral agreement (Szarf v. Blumenfeld, supra; Wilson & Baillie Mfg. Co. v. Dumary, supra). This is especially true when the moving party has equal knowledge with the respondent concerning the facts sought. (Snitow v. Central Coal Co., 241 App. Div. 756.)
Here, the defendant has shown no unusual facts sufficient to establish an exceptional case justifying the disclosure of the names and addresses of the plaintiff’s witnesses.
The defendant’s motion is, therefore, denied, without costs; and the plaintiff’s motion is granted, without costs. Prepare and submit order accordingly.