Abthub Q. Klein, J.
On this motion, the 32nd Avenue Construction Corp. and the dominating individual defendants, Winston and Muss, move, under rule 103 of the Buies of Civil Practice, to strike out various paragraphs of an amended complaint contained in the first cause of action and, under rule 106 of said rules, to dismiss the three causes of action against 32nd Avenue Construction Corp. Heretofore, a motion had been addressed to the original complaint for dismissal and for other relief which was denied in all respects by this court (207 Misc. 164). The moving defendants herein then appealed to the Appellate Division which modified the order, struck certain allegations, some with leave to replead and others without such leave, and as so modified, affirmed this court (286 App. Div. 422). Permission was given plaintiff to appeal to the Court of *929 Appeals (286 App. Div. 1078) and a question certified: “ Was the order of the Appellate Division striking out specified paragraphs of the complaint, without leave to replead, properly-made? ” This resulted in an affirmance of the order of the Appellate Division (2 N Y 2d 514).
It is necessary for a decision on the instant motion to briefly review the allegations in the original pleading. The first cause of action stated that defendants Winston and Muss organized the plaintiff cooperative on or about December 8, 1950, and held all of its issued stock, in addition to other corporations, primarily “ 32nd Avenue” and “ 92nd Street”, which were wholly controlled and dominated by them. It alleged numerous acts of misconduct by the individual defendants during and prior to December, 1950, with regard to an unfair ground lease and the construction contract entered into at what was claimed to be an exorbitant price with 32nd Avenue and later assigned. In addition, it was alleged plans were changed to cheapen the building for the private benefit of the individuals, that bond premiums were misappropriated and that the building was not constructed in accordance with the plans.
The Appellate Division in striking out paragraphs 15 (other than subd. (i) thereof), 17A, 17B, 18A, 18B, 20A, 20B, 23B and 25 of said complaint, without leave to replead, found that the sponsors, or the directors nominated by them, would owe no fiduciary obligation to future tenants until they came into the picture by subscription for their apartments. In the initial stages, self dealing was permitted and the sponsors were entitled to profits in connection with the sale or lease of the land, and the arrangement of the price for the construction of the building, and it would be inequitable to allow plaintiff, when it came into control of the tenants, to attempt to reduce the ground rent or show excessive cost of the building, when the terms of the deal were disclosed to the subscribers. The Court of Appeals affirmed that determination, found that the tenants subscribed on December 23, 1950, and that the construction agreement was amended on January 12, 1951. Therefore as to those paragraphs they may not be repleaded. However, a reading of the present complaint evidences that those matters have been properly eliminated in accord with the rulings of the Appellate Division and the Court of Appeals.
On appeal, in the Appellate Division, permission was granted to plaintiff to replead paragraphs 9, 10, 11, 12, 13, 15 (only as to subd. (i) thereof), 19, 21A, 22C, 23A, 26 and 27. We are concerned here with whether the plaintiff repleaded in accord *930 anee with that decision. If so, then the- complaint must be upheld, the other paragraphs having already been sustained by that court, or stricken.
After discussing the question and determining that the portions of the complaint based on the ground lease and the cost of construction were stricken without leave to replead, the Appellate Division stated: “ We have a different situation as to the performance of the building contract, or as to any alleged acts of misconduct by defendants, after the tenants subscribed ” (286 App. Div. 422, 429). In this regard, the Court of Appeals held: u The most that defendants obtained under the Appellate Division’s order, insofar as it is before us under the question certified, was to have stricken from the complaint paragraphs relating to the ground lease and original construction contract with 32nd Avenue made December 8, 1950. Change orders varying the plans and specifications during construction so as to cheapen the building, breach of contract in failing to erect the structure in accordance with plans and specifications in force, misappropriation of mortgage premiums and other transactions alleged to have occurred subsequent to the entry of subscriptions of the stockholders, either remain in the complaint or many be repleaded under the order of the Appellate Division ” (2 N Y 2d 514, 528).
Therefore, paragraphs 6, 8,14,16,18B, 18C, 18D (1), 18D (2) and 19A and 19B of the amended complaint are not considered on this motion, said paragraphs having been under consideration by the Appellate Division and sustained by that court. In fact, if the plaintiff had attempted to replead those paragraphs, a successful attack could have been made on the complaint for failure to replead in accordance with the opinion of that court and the leave granted. There are then only paragraphs 9, 10 (not attacked), 11, 12, 13, 15, 17, 18A, 19C, 20, 22 and 23 of the amended complaint before the court to determine if, as repleaded, they conform to the leave granted by the Appellate Division.
Motions under rule 103 of the Rules of Civil Practice, are not favored by the courts, and if a complaint is attacked on the ground of sham, the moving party must show that the matter objected to is false or -sham beyond a reasonable doubt. A reading of the amended complaint indicates that the pleading now alleges that the acts complained of took place after the tenants subscribed for their apartments and, therefore, as repleaded, is in accord with the opinion of the Appellate Division and accordingly that branch of the motion is denied.
*931 Any question as to whether the assigned contract to “ 92nd Street” is in fact the same contract as that entered into with “ 32nd Street” should he determined at a trial of the action, as should the question of acts of misconduct of the defendants after the tenants subscribed.
As to that branch of the motion with regard to dismissing the complaint as to “ 32nd Avenue ”, it is denied as to the first cause of action. On consent of the plaintiff it is granted as to the second and third causes of action. An amended complaint need not be served as the change may be made as requested by the plaintiff in its brief.
Settle order.