Louis L. Friedman, J.
Plaintiff moves, pursuant to rule 103 of the Buies of Civil Practice, for an order striking from defendant’s answer (a) so much of paragraph Second thereof as denies the allegations of paragraphs Fourth and Fifth of the complaint, and (b) paragraph Fourth of said answer, which is set out as an affirmative defense, on the ground that such denials and affirmative defense are sham.
The action is one for personal injuries allegedly sustained by plaintiff as the result of an assault committed upon him by one of defendant’s employees.
Paragraph Fourth of the complaint alleges that the defendant ‘ ‘ has wholly neglected and refused to make an adjustment or payment [on plaintiff’s claim] for more than thirty days after the presentation to it of such claim as aforesaid.” It is conceded in the affidavit submitted by defendant in opposition to the instant motion that there was no adjustment or payment of the claim within the 30-day period following service of notice of claim upon defendant. Defendant does not in any way contend that it has made any offer of settlement during that period. As appears from the aforesaid affidavit, defendant rests its denial of the allegations of paragraph Fourth of the complaint, upon the ground that the plaintiff failed to comply with a notice of hearing which was 'served upon him approximately two weeks after expiration of the 30-day period referred to in paragraph Fourth of the complaint, purportedly pursuant to section 50-h of the General Municipal Law. The facts set out in the aforesaid affidavit, as hereinabove referred to, constitute a clear concession that the 30-day period following service of the notice of claim had expired, and that the defendant had neglected and refused to adjust or pay the claim during that period (Di Bartolo v. City of New York, 293 N. Y. 114, 118). Plaintiff’s failure to comply with the notice of hearing, as claimed by defendant, has no bearing on the issue of whether *38 the denial is sham, since such notice of hearing wag admittedly served, as hereinabove indicated, after the expiration of the 30-day period.
For the foregoing reasons the denial interposed to the allegations of paragraph Fourth of the complaint must be deemed to be sham and is accordingly stricken out.
Paragraph Fifth of the complaint alleges that “ This action was commenced within one year after the said cause of action accrued.” The assault upon plaintiff is alleged in the complaint to have occurred on January 1, 1959, and the action, by plaintiff’s own account, was instituted lay the service of a verified summons and complaint on January 5, 1960. Since the cause of action is deemed to have accrued on the date of the occurrence of the alleged assault, namely, January 1, 1959 (Bernreither v. City of New York, 123 App. Div. 291, affd. 196 N. Y. 506; Javet v. City of New York, 187 Misc. 841, affd. 272 App. Div. 795), it cannot be said that the denial interposed to the allegations of paragraph Fifth of the complaint is sham, even though it may be, as claimed by plaintiff, that the action was timely instituted. Had plaintiff properly alleged in his complaint that the action was commenced within the time provided for by law, rather than alleging within a one-year period, the denial of such allegation could very properly have been stricken. As it is, the denial may not be deemed to be sham.
So much of paragraph Fourth of the defendant’s answer, set forth as an affirmative defense, as is involved in the instant motion (the balance of said paragraph having been stricken out on consent), alleges that the plaintiff has failed to comply with section 50-h of the General Municipal Law in that he failed to appear for a hearing. It may well be, as argued by plaintiff, that the New York Oity Housing Authority is deemed to be a public benefit corporation and is not a municipal corporation within the purview of section 50-h (General Corporation Law, § 3, subds. 1, 2, 4; Matter of Valente v. New York City Housing Auth., 201 Misc. 24; cf. Robinson v. New York City Housing Auth., 8 A D 2d 747) and that, therefore, section 50-h is inapplicable and cannot be invoked in actions brought against the City Housing Authority. However, plaintiff is thereby arguing, in effect, that paragraph Fourth of the answer does not constitute a defense. But the legal sufficiency of a defense set up in an answer may not properly be determined on a motion such as the instant one (Walter v. Fowler, 85 N. Y. 621; Shore Poster Adv. Corp. v. Richmond Poster Adv. Co., 104 N. Y. S. 2d 1009, 1014; Rice v. Rice, 189 N. Y. S. 227; Manevetz v. City of New York, 118 N. Y. S. 2d 318). Therefore, the present motion *39 insofar as it is addressed to paragraph Fourth of the ahsÁvér, is denied.
Accordingly, the motion is granted to the extent of striking the denials contained in defendant’s answer as to paragraph Fourth of plaintiff’s complaint, and in all Other réspebts the motion is denied. Plaintiff may, if hé be so advised, servé an amended complaint with respect to the allegations Contained in paragraph Fifth of the present coinplaint, upon the service of which amended complaint any denial of such paragraph would be Stricken. Submit order.