Louis L. Friedman, J.
This is an action in negligence. Defendant, owner of a motor vehicle known as a hi-lo, moves to serve an amended answer. The pleadings and affidavits submitted indicate that one James Eaio was operating this hi-lo with the knowledge and consent of the defendant; that plaintiff was injured during the process of loading cartons thereupon; that the operator was a coemployee of plaintiff; that the accident was caused by the concurrent affirmative acts of negligence of the defendant through its employee, one Milton Luban, in negligently directing, supervising and controlling the loading of the hi-lo and in the negligence of the defendant in the maintenance and construction thereof.
Defendant now seeks to amend its answer to set up as a separate defense, that plaintiff’s remedy is exclusively in compensation. Defendant contends that the accident was caused solely through the negligence of plaintiff’s coemployee, and thus the plaintiff’s remedy lies only under the Workmen’s Compensation Law (citing Rauch v. Jones, 4 N Y 2d 592).
Plaintiff opposes the motion on the ground that the proposed answer is sham and frivolous, that even though the affirmative negligent act be that of plaintiff’s fellow-employee, plaintiff’s claim may not be defeated against this defendant since an allegation is made that defendant was otherwise negligent. In addition, plaintiff urges that defendant is guilty of laches in bringing on the present application.
Ordinarily a litigant is entitled to amend his pleadings in such manner as to enable the court to determine all questions involved in the subject matter of the litigation. (Michigan S. S. Co. v. American Bonding Co., 109 App. Div. 55; Sternberg v. Walsh, 273 App. Div. 972; Newman v. Goldberg, 250 App. Div. 431.) It is not for the court to determine the merits of a proposed amendment, unless it appears on the face thereof that it is insufficient as a matter of law, but the better practice is to permit the amendment so as to enable a litigant to have the court determine the merits thereof upon the trial. In the present case, defendant asserts that it was only in 1958, after the decisions by the Court of Appeals in Rauch v. Jones (4 N Y 2d 592) and Naso v. Lafata (4 N Y 2d 585), that the defense of workmen’s compensation may be asserted even by the third-party defend *502 ant, liable by operation of law, where it is the affirmative act of a fellow-employee which caused the injury. If it is so determined upon the trial, then the defense sought to be interposed by the defendant will be sufficient, and defendant should not be deprived of the opportunity to raise such defense upon the trial, through its failure to plead it. On the other hand, if the negligence of the defendant in this case is either sole or concurrent, and is not chargeable to the defendant only because of the acts of plaintiff’s fellow-employee, then the defense will be unavailing to this defendant. Whether the defense is or is not effectual must depend on the proof at the trial. (Mitchell v. A. A. Truck Renting Corp., 9 A D 2d 682.)
The objection that defendant has been guilty of laches might have some merit, were it not for the fact that defendant only learned in October, 1959, at the time of the examination before trial of the plaintiff, that a coemployee was the operator of the hi-lo. The decisions by the ‘Court of Appeals in Rauch v. Jones and Naso v. Lafata (supra), although handed down on June 25, 1958, did not actually come to the attention of most members of the Bar until some time thereafter. Defendant served its answer in December, 1958, but plaintiff did not notice the case for trial until the November 1959 Term of this cort. Under these circumstances, it may not be said that defendant has been guilty of laches so that it should be deprived of its opportunity to have its defense before the court.
Plaintiff also urges that this court has already held otherwise in Kiernan v. Fritz (12 Misc 2d 978). Though the facts in that case were somewhat similar to those in the case at bar, the court did not decide the present issue. In that case, the motion was to strike an allegation alluding to insurance, from the complaint. In addition, the court intimated in the Kiernan case that plaintiff may not be able to avoid the implications which may arise from the fact that the hi-lo operator was plaintiff’s fellow-employee, calling the attention of counsel in that case to the fact that the hi-lo operator there was not an ad hoc employee at the time of the accident, since there was no surrender of complete control by the general employer. In addition, the decision in the Kiernan case was handed down on March 6, 1958, prior to the determinations by the Court of Appeals in the Rauch v. Jones and Naso v. Lafata cases (supra).
Accordingly, defendant’s motion is granted.