Mario Pittoni, J.
Plaintiff’s motion to modify defendants’ demand for a bill of particulars is granted.
The portions of demands 5 and 6 which request that plaintiff set forth the use to which the corporate and individual defendants have put certain items alleged to have been converted by defendants need not be given. This is an action in conversion and the use to which the defendants put the items is immaterial. *105 The gist of the conversion action is the wrongful exercise of dominion over the property of plaintiff, not the use to which defendants have put it.
Demand 7 seeks the names of the persons present when the demand for the return of the property was made. Demand 10 seeks the names of persons present at the time when an alleged agreement of employment was made. Defendants acknowledge that the general rule is that the names of witnesses need not be disclosed; however, they request that the court not indulge in a “ strict adherence to archaic principles.” Defendants cite Cedar v. Furst (112 N. Y. S. 2d 712) as indicative of the trend to disclose the names of witnesses. Defendants did not call the court’s attention to Cedar v. Furst (109 N. Y. S. 2d 577). Unusual circumstances were present there because the plaintiff was seeking to share in an estate on the basis of an alleged adoption agreement made 22 years prior. The present case presents no special or unusual circumstances which require a deviation from the general rule that a party is not required to furnish the names of witnesses (Szarf v. Blumenfeld, 5 A D 2d 887 [2d Dept.]; McCready v„. Island Park-Long Beach, 235 App. Div. 691 [2d Dept.]). Submit order.