Louis L. Friedman, J.
In this personal injury negligence action defendant corporation moves to vacate plaintiff’s demand for a hill of particulars addressed to the three separate defenses contained in the answer. Plaintiff cross-moves, pursuant to rule 103 of the Buies of Civil Practice to strike out each of the said defenses as sham. The defenses attacked involve the question of whether plaintiff’s remedy is exclusively under the Workmen’s Compensation Law. The first defense alleges that such is plaintiff’s exclusive remedy, the second that plaintiff has applied for and has received compensation benefits pursuant to an award made by the Workmen’s Compensation Board and that said action is res judicata as to the cause of action set forth in the complaint, while the third alleges that the plaintiff’s *441 employer has paid compensation benefits in a specified amount and will make such further payments as directed by the board.
The first separate defense is one which may be properly pleaded (Mitchell v. A. A. Truck Renting Corp., 9 A D 2d 682; Bonsignore v. L & D Carriers, 24 Misc 2d 500; see Rauch v. Jones, 4 N Y 2d 592; Naso v. Lafata, 4 N Y 2d 585). As to the second and third defenses, while their sufficiency may be open to question in view of section 29 of the Workmen’s Compensation Law (Juba v. General Bldrs. Supply Corp., 7 N Y 2d 48, 51, 52) the sufficiency thereof may not be decided on a motion made pursuant to rule 103 to strike as sham (Gonzales v. New York City Housing Auth., 23 Misc 2d 36, 38 and cases there cited). There is nothing in the papers before the court to support plaintiff’s claim that these defenses are in fact sham since such a finding may only be made where there is no reasonable doubt in the mind of the court as to the falsity of the allegation. (Santasiero v. Briggs, 278 App. Div. 15, 21.) In Purdy v. McGarity (262 App. Div. 623, 625) the rule, as specifically applied to defenses, is stated as follows: “To warrant the court in concluding that a defense is false, not only must the plaintiff have a clear prima facie case, but the proof of falsity of the defense must be clear and decisive, if not overwhelming.” (See, also, Northridge Co. Op. Section No. 1 v. 32nd Ave. Constr. Corp., 15 Misc 2d 927, affd. 10 A D 2d 244; McAuliffe v. Henry George School of Social Science, 99 N. Y. S. 2d 132, 136.) There is no demonstration in the papers before the court that such falsity exists. In any event, plaintiff has not made his motion within the time limitations prescribed by rule 105 of the Buies of Civil Practice (Central Nat. Bank, Canajoharie v. Board of Edue. Cent. School Hist. No. 1,3 AD 2d 258).
As to the original motion by the defendant to vacate plaintiff’s demand for a bill of particulars, the court must bear in mind that liberality in granting such appeals is the general rule, since the office of a bill of particulars is to amplify the pleading, to limit the proof and to prevent surprise at the trial. (Solomon v. Travelers Fire Ins. Co., 5 A D 2d 1017.)
Accordingly the court concludes that items 1, 2 and 3 are improper items for the reason that particulars are not required to be given as to matters which refer to plaintiff’s own pleading (Frank v. Loeser & Co., 25 N. Y. S. 2d 918 [Supreme Ct., App. Term, 2d Dept.]), or which are a part of the affirmative case of the demanding party, especially where such matters are covered by a denial or admission in the answer and are not pleaded as part of an affirmative defense. (See Burns v. Lipson, 204 App. Div. 643; Kelly v. Kaiser, 158 N. Y. S. 2d 5, 6.)
*442 Items 4, 5, 6 and 23 are improper items in that they call either for a disclosure of names of persons who presumably may be witnesses (New York Terrace Estates, Inc. v. Richmond Development Co., 224 App. Div. 765) or for the disclosure of evidence, or for particulars that are not within the issues. It is to be noted that those of said items which seek a disclosure of names are not confined to a request for the names of any person or persons claimed by a pleaded defense to have caused or contributed to the alleged accident, so as to come within one of the exceptions to the rule prohibiting disclosure of names. (Scanlon v. William Henderson, Inc., 144 N. Y. S. 832.) It should also be observed in this connection that the necessity for a disclosure of names must appear in the affidavit on the application. (Moses v. Hatch, 22 App. Div. 21; Schafrann v. Ruthberg, 43 N. Y. S. 2d 614.)
Items 7, 10, 11,12,13, 16,18,19, 20, 21, 22 and 24 improperly call for a disclosure of evidentiary details which in most instances are irrelevant. Moreover, there is no apparent need for such particulars as to which plaintiff may be presumed to have better than equal knowledge with the defendant concerning the facts sought. (Cf. Snitow v. Central Goal Co., 241 App. Div. 756; Goldsmith v. Goldsmith, 13 Misc 2d 749.)
As respects item 8, sufficient particulars are supplied in the allegations of the defense to which said item is addressed so as to make unnecessary any further particularization as called for by said item.
As to item 9 the comment made with respect to item 8 applies, except that plaintiff is entitled to be apprised of the section of the applicable law which is alleged by defendant to constitute a bar to the instant cause of action.
Item 14 is improper. It does not call for factual particulars concerning any claim asserted by defendant but instead seeks a disclosure of defendant’s argument based on the facts alleged in the defense to which said item of demand is addressed.
Items 15 and 17 are not proper items. Defendant makes no claim by way of affirmative defense either as to the manner in which the accident occurred or as to the extent and nature of the injuries allegedly sustained by plaintiff as a result of said accident.
The defendant’s motion to vacate the bill is accordingly granted, except as to so much of item 9 of the demand as seeks to have specified the section of the applicable law which allegedly bars the instant cause of action.