Clare J. Hoyt, J.
Plaintiff and defendant entered into a contract for the purchase of a large parcel of real property located in Rockland County. Plaintiff paid $40,000 on the execution of the contract. The contract provided that plaintiff was given ‘ ‘ the right to terminate and cancel this contract, provided notice of such termination and cancellation is delivered to Seller [defendant] by registered or certified mail ” by a certain date. In the event plaintiff did elect to terminate and cancel the contract, defendant agreed to refund the deposit and upon refunding the deposit the contract was to be considered null and void.
Plaintiff has instituted this action to recover the $40,000 deposit, to impress a lien on the property in the amount of $40,000 and to foreclose the lien, alleging that plaintiff gave due and timely notice of its election to terminate and cancel the contract and that defendant has refused to refund the deposit.
Issue has been joined and plaintiff has now moved for an order striking the answer of the defendant pursuant to rule 103 of the Rules of Civil Practice.
The notice of motion refers to the answer as a whole and not to any specific part or parts thereof. A motion under rule 103 challenges allegations of a pleading as being sham, frivolous, irrelevant, redundant, repetitious, unnecessary, impertinent or scandalous or which may tend to prejudice, embarrass or delay the fair trial of the action. As plaintiff’s notice of motion refers to no particular portion of the answer and makes no specific objection thereto, it is insufficient (Schwarts v. Marjolet, Inc., 214 App. Div. 530, 531; Brazos v. Brumidge, 6 A D 2d 494, 497).
Plaintiff’s reply affidavit states that the motion is addressed to the separate defenses and counterclaims contained in the answer. Defendant’s affirmative defense and counterclaim basically alleges that pursuant to the agreement between the parties plaintiff was to make application to appropriate governmental agencies for a change in the zoning classification of the property to be sold and that plaintiff’s failure to properly make such application has damaged defendant to the extent that defendant should be entitled to retain the $40,000 as damages for its losses.
Plaintiff contends that this defense and counterclaim is an attempt to plead matter beyond the scope of the written contract and must be barred by the parol evidence rule.
Parol evidence may not be admitted to contradict or vary the terms of a written agreement but if some part of the agreement *515 was not covered by the writing, such evidence may be received to show the full agreement (Laskey v. Rubel Corp., 303 N. Y. 69; Storer v. Ripley, 282 App. Div. 950). “ Decision in each case must, of course, turn upon the type of transaction involved, the scope of the written contract and the content of the oral agreement asserted.” (Fogelson v. Rackfay Constr. Co., 300 N. Y. 334, 338.) The resolution of the question of the admissibility of parol evidence is determined by the facts surrounding the making of the agreement. A resolution of this question cannot be adequately made upon a motion of this nature (Northridge Coop. Section No. 1 v. 32nd Ave. Constr. Corp., 10 A D 2d 244, 249, affd. 9 N Y 2d 818). Neither may the sufficiency of a defense be determined on this motion (Gonzales v. New York City Rousing Auth., 23 Misc 2d 36, 38).
Motions under rule 103 are not usually favored by the courts and will not be granted absent a clear showing that the allegations have no bearing on the subject matter of the litigation (Manco Distrs. v. Bigelow-Sanford Carpet Co., 11 A D 2d 1088). The motion is denied.